## MORGAN v. THE STATE.

120　499
e121　607
121　608

There was no error in overruling the motion for a continuance, or in the rulings as to the admission of evidence, or in the charges complained of. The court fully and fairly charged the law on the subject of confessions, and covered all the issues raised by the evidence or the statement of the defendant. The evidence was sufficient to establish the corpus delicti and to corroborate the defendant's confession of guilt.

Argued June 21, — Decided July 12, 1904.

Indictment for arson. Before Judge Littlejohn. Webster superior court. May 23, 1904.

Early in the morning of March 13, before daylight, a considerable portion of the town of Preston, in Webster county, was destroyed by fire. H. B. Morgan and A. S. Harrell were charged with willfully and maliciously burning the storehouse of J. R. Stapleton, trustee in bankruptcy of Stapleton and Nicholson Company, in which house the conflagration began. The evidence disclosed, that, during the day before the fire, Morgan stated to Nicholson that but for him " he wouldn't care if the damned town was in ashes;" that Morgan and Harrell lived some distance from Preston ; that on Saturday night before the fire Sunday morning, they took supper together at Harrell's house, and later, between eleven and twelve o'clock, they were in a buggy together and stopped at the house of a neighbor, where Morgan asked for the loan of some kerosene oil, saying that he had failed to purchase some in town and needed it because of the sickness of his child; that this person being unable to supply him, he went to another house and asked for oil, and secured a small bottleful. There was no eye-witness as to what afterwards occurred, but Sunday morning, before day, the storehouse above referred to was found in flames. A witness testified that he was awake in the guardhouse of the town before the fire broke out, and heard a buggy pass, and soon after that, saw a light flash up and saw two men coming from the direction of the burning building; that they turned their faces towards the fire and he saw they were white men, but could not recognize who they were; that he began halloaing, and finally aroused some people near-by, who recognized Morgan not far from the burning building. The oil was not found where Morgan stated he had placed it, nor was there any proof that he had used the oil

for the purpose for which he claimed he had borrowed it. Some time after the arrest a bottle full of oil was found under his steps, which he contended was the same as that borrowed. Morgan claimed in his statement to have been at home asleep at the time of the origin of the fire; that when he woke he saw in the distance the conflagration, and went to see what was the matter. Several witnesses testified to seeing Morgan at or near the scene of the fire within a few minutes after the alarm. He was first seen lying down by a fence; later he assisted in removing goods. He claimed that when he was at the fence he was there because of sickness caused by drunkenness. There was evidence to show that the fire could not have originated from accidental causes; that no fire was left in the place where the conflagration began, and that the room had been left securely fastened, with no fire therein when the occupants departed at night. There had been a small fire in the room, but this was in a well constructed fireplace of a securely built chimney, and when the occupants left the night before, this fire was put out and water poured thereon. On Sunday morning about ten or eleven o'clock, Morgan was arrested and charged with the offense and confined in jail. On several occasions and to different parties he confessed that he had set fire to the house, saying that oil was poured through the cat-hole in the door and then lighted with a match. He implicated Harrell and also another person, but subsequently admitted that he had made this latter charge at the instigation of Harrell. The trial was had on April 5. A motion was made to continue the case on the ground that counsel for the accused had not had opportunity to confer with their client and prepare for the defense; and also on the ground that because of public excitement it was impossible to secure a fair trial; and because of the absence of a witness by whom Morgan expected to prove that a bottle of oil exactly similar to the one borrowed by him was found under his steps soon after the fire, and that it was full of oil. This motion was overruled. From a note of the trial judge it appears that counsel had been afforded every opportunity for preparation; that notice was given as to the time when the hearing would be had and the convenience of counsel consulted in fixing the same; that there was no undue excitement, as was illustrated by the ease with which the jury was secured; and that the admissions of the State as to

the finding of the oil, and the testimony offered in evidence by the State's witness, established the fact sought to be proved by the absent witness as to the finding of the oil under the steps. A verdict of guilty having been returned, the defendant made a motion for a new trial, on the grounds, that the evidence was not sufficient to show a wilful and malicious burning; that there was therefore no proof of the corpus delicti, and that the conviction necessarily rested solely on the confession; that the court failed to charge the jury on the theory presented by the defendant's statement that the confessions were not freely and voluntarily made, but were extorted from him by fear and made for the purpose of saving his life; that the testimony of Horne as to a confession should not have been admitted, it appearing that the confession to which he listened was made in a conversation which had begun and was in progress before Horne arrived; that Horne did not know what had previously occurred nor whether the subsequent confession was the result of hope of reward or fear of punishment; that there was no sufficient evidence of the title of the trustee in bankruptcy, it being claimed that the certified copy of Stapleton's appointment as such was not admissible, being only certified by the referee; and because the court erred in charging that while an uncorroborated confession will not justify a conviction, a confession corroborated by credible witnesses or other sufficient circumstances would justify a conviction.

*John R. Cooper*, *G. Y. Harrell*, and *A. R. Logan*, for plaintiff in error. *F. A. Hooper, solicitor-general*, and *J. B. Hudson*, contra.

LAMAR, J. (After stating the foregoing facts.) The fire occurred on the 13th of March. The trial was had on the 5th of April. The record, when read in connection with the note of the presiding judge, clearly establishes that the defendant's motion for a continuance was properly overruled. There was no motion for a change of venue, and no showing as to excitement or prejudice, beyond what was stated in the defendant's motion, which, in view of his confinement in jail, was but an unsupported conclusion and fully answered by the fact that the State exhausted its strikes, while the jury was secured before the defendant had exhausted his. The admission as to what the absent witness would testify in reference to the bottle of oil made it proper also to overrule this ground of the motion.

In a trial for arson the allegation of title or occupancy need not be proved with the same degree of fullness as would be necessary in actions involving title or right of possession. The oral evidence of Stapleton, that he was trustee in bankruptcy and in possession, of the property as such, was itself probably sufficient, nothing to the contrary appearing. The copy of the proceedings in bankruptcy showing his appointment was sufficient, when certified by the referee. *McLanahan* v. *Blackwell*, 119 *Ga.* 64.

Horne, a witness for the State, testified to a confession. It appeared that the prisoner and several other persons were talking together; that Horne came up during the conversation, and afterwards heard the confession. Counsel objected to the admission of this evidence, on the ground that Horne did not know what had taken place before he arrived, — whether the confession was voluntary or whether it had been induced by promises or threats. We deem it unnecessary to consider this question, or whether, as contended, the presumption is that a confession thus overheard was voluntary; for in any event it affirmatively appeared in the record from the testimony of a witness, Montgomery, who was present before Horne arrived, and at the beginning of the conversation with Morgan, that there had been no threats or promises; but that the subsequent confession overheard by Horne was freely and voluntarily made.

Nicholson, whose place of business was burned, testified that Morgan said, that "if it was not for me, he would not care if the damned town was in ashes." This witness further testified, "The state of feelings between myself and Harrell was not good." There was an objection that it was not " competent to show the state of feelings between the witness and Harrell, because there was no conspiracy shown or proven." But this was not a statement by Morgan or Harrell, inadmissible to bind the other until the fact of a conspiracy had been established. It was one link in the chain of circumstances. It was an effort to establish a motive on the part of one who was alleged to be a conspirator, and who according to the defendant's confession was such.

The instructions of the court as to principals in the first and second degree and as to motive were correct statements of abstract principles of law at least. There is no suggestion that any harm resulted, or could have resulted, from giving in charge these principles, nor is any error assigned.

Nor was there error in instructing the jury that they must find a verdict according to the truth of the case as they found it from the evidence, and that the consequence of a verdict thus rendered was not a matter with which they should be concerned.

The newly discovered evidence, that one of the jurors had stated that if selected he would hang the defendant, was fully met by the counter-showing that no such statement had been made.

· The charge that a confession corroborated by credible witnesses or by other satisfactory circumstances would justify a conviction was not an expression of an opinion that the witnesses produced on the trial of the case were credible witnesses.

While the court did not charge as to the specific facts set out in the defendant's statement as to the reason for the fear causing him to make the confession, he did thoroughly cover that branch of the case.    He instructed the jury that they must not consider any confession unless they were satisfied that it had been made freely and voluntarily; that they were not concluded by the fact that evidence of confessions had been admitted, but that if from the evidence they found that the confession had not been freely and voluntarily made, they should disregard it.    The court went further and charged that if one confession had been induced by hope or fear, and was therefore not voluntary, no subsequent confession could be · considered if made under the influence of the original improper inducement.

Nor was there error in charging that "if the evidence be clear and decisive, satisfying your minds beyond a reasonable doubt that· the storehouse was willfully and maliciously burned, and if you believe that the defendant freely and voluntarily confessed that he did it, then such a confession thus corroborated may, in · your discretion. serve as sufficient corroboration to authorize a conviction."

We have thus considered briefly all of the grounds of the motion for a new trial, except the one mainly relied on in the argument.    It is contended that the verdict is contrary to the evidence; that it is without evidence to support it; that there was no proof of the corpus delicti; that the conviction depends exclusively · and solely upon a confession uncorroborated by anything showing that the crime of arson had been committed, or that the burning was malicious and willful.    The testimony which is re-

ferred to in the statement of facts need not be repeated. It shows that the defendant had been driving in a buggy on the night of the fire; that about midnight he borrowed a bottle of oil from a neighbor in the country; that shortly before the fire a buggy was heard to drive into the town; that a person looking out of the guardhouse saw two white men coming from towards the storehouse where the blaze had begun to appear; that one of the men went in the direction where the defendant was soon thereafter seen by those who had been summoned by the alarm. In his statement he claimed to have been at home in the country at the time when the fire must have originated, and to have come to the fire after he saw the conflagration. The testimony of the first comers was that they saw him in town lying near the fence. He may have been drunk, as he claimed; but his borrowing the oil, his presence at the fire about the time it was discovered, the qualified threat of the day before, the absence of an explanation of his presence at such an unusual hour and place, were circumstances sufficient to corroborate the confession that he set fire to the building described in the indictment and otherwise shown not to have been accidentally burned. *Smith* v. *State*, 64 *Ga.* 605; *Allen* v. *State*, 91 *Ga.* 189; 2 Enc. Pl. & Pr. 938. There was no error in any of the rulings complained of. The charge fully and fairly covered every issue raised by the evidence, including also those raised by the defendant's statement. The jury under the charge of the court must have found that the confessions were freely and voluntarily made. The evidence was sufficient to warrant the finding of guilty, and the judgment refusing a new trial is

*Affirmed. All the Justices concur.*