## 10371.   FARM *v.* THE STATE.

BLOODWORTH, J.   1. An indictment charging a violation of the statute codified in section 181 of the Penal Code of 1910 is sufficiently definite when it charges that the defendant "did then and there, unlawfully and with force and arms, break and enter a railroad-car in the possession of the Georgia Northern Railway Company at Boston, Ga., in said county, with intent to steal goods, wares, and freight in said car being, and, after breaking, did steal therefrom goods and freight, to wit, 2 caddies of chewing tobacco and eleven sacks of flour, the same being freight consigned to Massey Mercantile Company, Barwick, Ga." It "states the offence in the terms and language of this code," and "so plainly that the nature of the offence charged may be easily understood by the jury." Penal Code (1910), § 954; *Camp* v. *State,* 3 *Ga.* 417 (1). The indictment meets all the objects in requiring particularly in setting out the offence. *Wingard* v. *State,* 13 *Ga.* 396 (2), 400 (2).

2. When an indictment under § 181 of the Penal Code of 1910 alleges that the accused "did then and there, unlawfully and with force and arms, break and enter a railroad-car with intent to steal goods, wares, and freight in said car being," "no description, value, or ownership of any goods intended to be stolen need be alleged." *Boyd* v. *State,* 4 *Ga. App.* 273 (61 S. E. 134); *Lanier* v. *State,* 76 *Ga.* 304 (1-a).

3. Under the ruling in *Gilbert* v. *State,* 116 *Ga.* 819 (43 S. E. 47), an indictment which charges that the accused did, "unlawfully and with force and arms, break and enter a railroad-car in the possession of the Georgia Northern Railway Company" sufficiently alleges the ownership of the car to have been in that company. See *Waters* v. *State,* 15 *Ga. App.* 342 (83 S. E. 200); *Markham* v. *State,* 25 *Ga.* 52.

4. Under the above rulings there is no merit in any of the grounds of the amendment to the motion for new trial, and the demurrer to the indictment and the motion in arrest of judgment were properly overruled.

5. There was evidence to support the verdict.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*
DECIDED JULY 22, 1919.

Indictment for breaking and entering railroad-car; from Thomas superior court—Judge Thomas.   January 17, 1919.

*Titus, Dekle & Hopkins,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.