### 14139.   GOLDING *et al. v.* THE STATE.

1. The indictment states the offense (arson) so plainly that the nature thereof may be easily understood by the jury.
2. The allegation as to ownership, that the house attempted to be burned was "the dwelling house of George Daniels, on a farm in said county, then and there occupied by the said George Daniels and his family," is sufficient to withstand the demurrer directed against it.
3. The foregoing allegation is sufficient to put the defendant on notice as to the house alleged to be the subject of arson.
(*a*) It was not necessary to allege whether the house was "frame or brick."
4. "An indictment which charges that one, being absent at the time when the crime was committed, did ' procure, counsel, and command ' the persons alleged as principals in the crime to commit the same, contains a sufficient charge against one indicted as an accessory before the fact."
5. The indictment was sufficiently definite to inform the defendants of the "nature of the offense" charged against them.

DECIDED MARCH 6, 1923.

Indictment for arson; from Brooks superior court — Judge Thomas. November 16, 1922.

Application for certiorari was denied by the Supreme Court.

*Bennet & Bennet,* for plaintiffs in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J.   Jim and Charley Lewis were indicted for arson, and Sam Golding, Lorena Golding, and Turner Hollis for being accessories before the fact to the same offense. The Goldings demurred to the indictment, their demurrer was overruled, and they excepted. The indictment is as follows: " The grand jurors [named] charge and accuse Jim Lewis and Charley Lewis with the offense of arson, and Sam Golding, Lorena Golding, and Turner Hollis with the offense of accessory before the fact of said arson; for that the said Jim Lewis and Charley Lewis, on the 5th day of July in the year 1922, in the county aforesaid, did unlawfully

and maliciously set fire to and attempt to burn the occupied dwelling house of George Daniels, on a farm in said county, then and there occupied by the said George Daniels, with the intent and purpose then and there on the part of said Jim Lewis and Charley Lewis to burn the said dwelling house, contrary to the laws of said State, the good order, peace, and dignity thereof; and for that the said Sam Golding, Lorena Golding, and Turner Hollis, although they were both absent at the time the crime was committed as aforesaid, did yet cause, procure, counsel, and command the said Jim Lewis and Charley Lewis unlawfully, willfully and maliciously to set fire to and attempt to burn the dwelling house of George Daniels, on a farm in said county, and then and there occupied by the said George Daniels and his family, all of which was done with the intent and purpose then and there on the part of the (said) Sam Golding and Lorena Golding to burn the said dwelling house and cause it to be burned. . . " The trial judge, in his order overruling the demurrer, recites that it is " admitted by the solicitor-general that the legal title to said house, the property attempted to be burned, was in S. J. Golding."

1. The 1st ground of the demurrer is: " Because said indictment does not set forth a violation of any law of Georgia." By comparing the indictment above quoted with sections 137 and 45 of the Penal Code (1910), relating respectively to attempt to burn a dwelling house not in a city, and to accessories, it will be seen that the indictment " states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury." Penal Code, § 954.

2. The 2d ground of the demurrer is: " Because said indictment nowhere states who was the owner of the house attempted to be burned, nor whose property said house was." As stated in the order of the trial judge, it was admitted by the solicitor-general that the legal title to the property was in Sam Golding, one of the defendants. The indictment does not allege who held the legal title but it does allege that the house attempted to be burned was " the dwelling house of George Daniels, on a farm in said county, and then and there occupied by the said George Daniels and his family." This was a sufficient allegation as to ownership, because lawful occupancy by one in charge constitutes ownership as con-

templated by this statute, and the question of legal title is not here involved. Section 132 of the Penal Code says: "Crimes against the habitations of individuals shall consist of: 1. Arson. 2. Burglary." It will be noted from this definition (1) that the crime is against the *habitation,* and the indictment showed that it was the habitation of George Daniels; and (2) that arson is put in the same category with burglary. This being true, the same rule of ownership that applies to burglary would logically apply to arson. In burglary cases it has been repeatedly held that ownership means rightful or lawful possession or occupancy; and the indictment in the instant case shows that the house was in the possession of George Daniels who occupied it as a dwelling.

In *Harrell* v. *State,* 121 *Ga.* 608, Justice Evans said: "In cases of arson the offense is not so much against the property in-interest in the house as it is against the security of the house, and an allegation of ownership in an indictment is sustained by proof of the occupancy of the alleged owner under a claim of right." The above is quoted with approval in *Rice* v. *State,* 16 *Ga. App.* 128 (3) (84 S. E. 609). In 3 Chitty's Criminal Law, 1124 (4), under the subject of arson, we find the following: "As to whose house should be burnt to constitute the offense. At common law the house must belong to another person, and this refers *not to legal title* or entire interest, but to the *lawful possession* which confers a property while it exists." (Italics ours.) In 1 Wharton's Criminal Procedure (10th ed.), § 425, pp. 478, 479, it is held that arson is "the malicious firing of the house of another, *or own house in the possession and occupancy of another."* In Tuller v. State, 8 Tex. App. 504, Clark, J., speaking for the court, said: "Arson has ever been regarded as an offense against the security of the habitation rather than against the property, and the actual title and true ownership can rarely be a matter for material enquiry in prosecutions for that offense. The landlord himself may commit it on the house occupied by or in possession of the tenant, for during the lease the house is the property of the tenant. . . The court will not inquire into the tenure or interest of the occupier or person in possession of the house, if in fact it is the *dwelling* of such person." (Italics ours.) In People v. Fong Hong, 120 Cal. 686 (53 Pac. 265); McFarland, J., said: "Appellant's counsel says that it is not arson to burn one's own

property. . . But it is provided in sec. 452 of the Penal Code as follows: 'To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time of the burning another person was rightfully in possession of or was actually occupying such building, or any part thereof.' Now in the case at bar it was averred and proven that the building which was burned was the property of the Luning Company, a corporation, and that it was then and there occupied by Mrs. Angela Fawn, John Shaughnessey, and Urban Hosson. The owner therefore would have had no right to burn the building, and certainly no right to give anybody else a license to do so." In Commonwealth v. Erskine, 8 Grattan (Va.), 627, the court said: "The house in question appears to have been situated upon the farm of the prisoner. But it was at the time of being burnt in the occupancy and possession of another man, who had a qualified ownership therein, and therefore the burning of that house maliciously by the prisoner was a violation of the said 7th section and renders him liable to prosecution and punishment under the law." While the California and Virginia decisions cited above refer to statutes of those States, they do express what seems to be the prevailing position in most States of the Union on this question. The question of legal title is not necessarily involved in a prosecution for arson. Arson is made a crime in order to protect and make secure the habitation, the dwelling, the home. We therefore hold that the allegation in this indictment, that the house attempted to be burned was " the occupied dwelling house of George Daniels, on a farm in said county then and there occupied by the said George Daniels and his family," was a sufficient allegation of ownership to withstand the demurrer directed against it.

3. The 3d ground of demurrer is: "Because said indictment does not set forth where said house was located, nor is there any description of said house, whether frame or brick." In *Smith* v. *State,* 64 *Ga.* 605 (3), it was held that "whether the outhouse burnt be in a city, town or village, or not, does not affect the legal character of the offense. It affects the punishment only." However, the indictment in the instant case did allege that the house attempted to be burned was on a farm, and was in Brooks county, and was the dwelling house of George Daniels; and we

think this sufficient to put the defendant on notice of the house alleged to be the subject of the arson. See *Carter* v. *State*, 106 *Ga.* 372 (1) (32 S. E. 345, 71 Am. St. Rep. 262); *Howard* v. *State*, 109 *Ga.* 137 (2) (34 S. E. 330).

4. The 4th ground of the demurrer is: "Because said indictment does not set forth in what manner or how said defendant caused, procured, counseled and commanded the said Jim Lewis and Charley Lewis to set fire and attempt to burn said dwelling." In *Rawlins* v. *State*, 124 *Ga.* 31 (4) (52 S. E. 1), it is held that "an indictment which charges that one, being absent at the time when the crime was committed, did 'procure, counsel, and command' the persons alleged as principals in the crime to commit the same, contains a sufficient charge against one indicted as an accessory before the fact." The allegations of the indictment in the instant case come up to this rule.

5. The 5th ground of the demurrer is: "Because said indictment is too vague and indefinite to inform defendants of the nature of the offense charged against them." The discussion of the previous grounds of the demurrer, especially the 1st ground, shows this 5th ground of the demurrer to be without merit.

6. Under the above rulings the court properly overruled each and every ground of the demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*