## 16847. WHITENER *v.* THE STATE.

The indictment described sufficiently the freight-car alleged to have been broken and entered, and the articles alleged to have been taken from it, and was not subject to the demurrer.

DECIDED DECEMBER 15, 1925.

Indictment for car-breaking; from Whitfield superior court— Judge Tarver. September 5, 1925.

*George G. Glenn, Joseph M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

LUKE, J. 1. The indictment was under section 181 of the Penal Code of 1910, and charged, that Bill Pierce, Jim Pierce Jr., Jess Bates, and Cliff Whitener did "break and enter a certain railroad freight-car, the property of Western and Atlantic Railroad and Nashville, Chattanooga and St. Louis Railway, lessees, and, after breaking and entering said railroad freight-car, from said railroad freight-car did take and carry away one sack of dry salt meat of the value of twenty-five dollars, two crates of lard in tin cans of the value of twenty-five dollars, one crate of wienie sausage of the value of five dollars, one hoop of cheese of the value of five dollars, and one hog, the same being dressed and not cut up, of the value of fifteen dollars, did take and carry away with intent to steal the same property of said Western and Atlantic Railroad and said Nashville, Chattanooga and St. Louis Railway, lessees." This indictment was good as against the general demurrer, and as against the special demurrer on the ground that there was no sufficient description of the car and that the articles alleged to have been taken were not described with the required particularity. Penal Code (1910), § 954; *Farm* v. *State, 24 Ga. App.* 114 (100 S. E. 36), and citations. Of course, it was unnecessary to allege either the name of the consignor or the destination of the articles alleged to have been taken.

2. There being sufficient evidence to sustain the allegation as to the ownership of the car (*Adkins* v. *State,* 115 *Ga.* 582, 41 S. E. 987), and the verdict being supported by the testimony of an accomplice corroborated by a voluntary confession (*Partee* v. *State,* 67 *Ga.* 570 (2)), there was no merit in the general grounds of the motion for a new trial.

3. No reversible error appears either in the court's charge or

in the rulings during the trial, and the verdict of guilty must stand.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*