### 19287. KIDD *et al. v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*M. B. Eubanks,* for plaintiffs in error.
*John C. Mitchell, solicitor-general,* contra.

### 19288. KIDD *et al. v.* THE STATE.

DECIDED DECEMBER 11, 1928.

BLOODWORTH, J. The plaintiff in error was convicted under an indictment which charged him with breaking and entering "certain cars" "with intent to steal goods, wares, freight, and other things of value being therein." He made a motion in arrest of judgment, upon the ground that the indictment was "null and void and insufficient in law," because it does not allege: (a) "That the cars alleged to have been broken and entered were railroad cars;" (b) "that any goods, wares, freight, merchandise, or other thing of value were in said car or cars at the time of the alleged breaking and entering;" (c) "what thing or things the defendant intended to steal." The indictment is sufficient to show that the cars were "railroad-cars." It gives the number and initial of each car, some of them being marked "N. C. & St. L.," and it alleges that they were in "the possession, custody, and control of the Nashville, Chattanooga and St. Louis Railway Company, lessors of the Western and Atlantic R. R. Company, and on its sidetracks and yards at Kingston, Georgia, in Bartow County." The allegations are sufficient to show that the goods, wares, freight, merchandise, or other things of value were in said car or cars at the time of the alleged breaking and entering. It is specifically alleged that the defendants broke and entered the car with intent to steal. It is not necessary to allege what particular things they intended to steal. See *Thomas* v. *State,* 27 *Ga. App.* 38 (107 S. E. 418); *Stokes* v. *State,* 84 *Ga.* 258 (10 S. E. 740); *Farm* v. *State,* 24 *Ga. App.* 114 (100 S. E. 36). In addition to the foregoing, certain rules have been laid down to test the sufficiency of indictments. Section 954 of the Penal Code (1910) says: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this code, or so plainly that the nature of. the offense charged may be easily understood by the jury." In *Newman* v. *State,* 63 *Ga.* 534, Justice Bleckley said: "The rule as to the sufficiency of an indictment is this: if all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." The learned Justice added: "The rule is

sound and sensible, and ought to be recognized and accepted by all courts." The first headnote in *Williams* v. *State,* 2 *Ga. App.* 629 (second case) (58 S. E. 1072), is as follows: "Where every essential ingredient of the offense charged is set forth with ·suffi= cient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable." The indictment in this case measures up to each of the foregoing standards, and meets ·all the objects specified for requiring particularity in setting out an offense, which are announced in *Wingard* v. *State,* 13 *Ga.* 396 (2), 400.

The court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*