### 25741. USHER v. THE STATE.

MacINTYRE, J. 1. "Mere disqualification of a grand juror propter affectum is not good ground for a plea in abatement, and will not require the dismissal of the charge." *Bitting* v. *State*, 165 *Ga.* 55 (2) (139 S. E. 877), and cit., including the leading case of *Betts* v. *State*, 66 *Ga.* 508. "It is immaterial that the judge found against it [a similar plea] on its merits. The same result was reached." *Futrell* v. *State*, 31 *Ga. App.* 767, 769 (122 S. E. 80). Under the authorities cited, the court did not err in overruling the plea in abatement in the instant case.

2. Evidence that the defendant attempted to burn the identical schoolhouse for the burning of which he was convicted in this case, "about a month" before it was actually burned, was not inadmissible over the objection that "it was a separate transaction." *Green* v. *State*, 172 *Ga.* 635 (3) (158 S. E. 285).

3. Under the charge of the court as given, and the facts of this case, there is no merit in the following ground: "Because the court erred in failing to charge the jury that the corpus delicti must be proven independently of any confession. The court did charge that a confession alone, uncorroborated by other evidence, will not justify a conviction."

4. The indictment charges the defendant, Rude Usher, and three other persons, with burning a certain public-school building, "the property of the Board of Education of Effingham County, Georgia." Under the Code, § 32-909 (Ga. L. 1919, p. 323), county boards of education are "invested with the title, care, and custody of all schoolhouses." There being no competent evidence to show that the title to the building was elsewhere than where the law says it must be, there was no variance between the allegation of ownership in the indictment and the evidence. It might be observed in this connection that the offense of arson is not so much against the property interest in the house as it is against the security of the house, and that the requirement as to proof of allegations of ownership in such cases is less rigid than in cases of simple larceny. See *Golding* v. *State*, 30 *Ga. App.* 30, 32 (116 S. E. 881), and cit.

5. The testimony of an accomplice that the defendant actively participated in the unlawful burning of the schoolhouse in question, corroborated by the plenary confession of the defendant, supports the verdict finding the defendant guilty of arson. The court did not err in overruling the motion for new trial. *Partee* v. *State*, 67 *Ga.* 570 (2); *Whitener* v. *State*, 34 *Ga. App.* 697 (131 S. E. 301); *Pope* v. *State*, 171 *Ga.* 655, 656 (156 S. E. 599). See also the companion case of *Lancaster* v. *State*, 54 *Ga. App.* 243 (187 S. E. 617).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED OCTOBER 15, 1936.

*Clarence T. Guylon, J. W. Usher,* for plaintiff in error.
*W. G. Neville, solicitor-general, George W. Fetzer,* contra.