### 26870. WEEKS *v.* THE STATE.

BROYLES, C. J.  1. The sole special ground of the motion for new trial, complaining of an excerpt from the court's charge, is without merit, since it clearly appears from the ground itself that the excerpt was merely a portion of the language of the indictment which the judge was reading to the jury.

2. The accused was convicted of arson—the malicious burning of a schoolhouse known as Spring Head School Building, the property of the Board of Education of Cook County, Georgia. "Under the Code, § 32-909 (Ga. L. 1919, p. 323), county boards of education are 'invested with the title, care, and custody of all schoolhouses.' There being no competent evidence to show that the title to the building was elsewhere than where the law says it must be, there was no variance between the allegation of ownership in the indictment and the evidence. It might be observed in this connection that the offense of arson is not so much against the property interest in the house as it is against the security of the house, and that the requirement as to proof of allegations of ownership in such cases is less rigid than in cases of simple larceny. See *Golding* v. *State,* 30 *Ga. App.* 30, 32 (116 S. E. 881), and cit." *Usher* v. *State,* 54 *Ga. App.* 345 (4) (187 S. E. 881). Under the foregoing ruling, the evidence in the instant case was sufficient to authorize a finding that the title to the burned schoolhouse was in the Board of Education of Cook County, Georgia, as alleged in the indictment.

3. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 29, 1938.

*H. W. Nelson, Clarence Sutton,* for plaintiff in error.
*H. C. Morgan, solicitor-general, S. B. McCall,* contra.