## 31708.   ROBERSON *v.* STATE

DECIDED OCTOBER 8, 1947.   REHEARING DENIED OCTOBER 31, 1947.

32

*James Maddox*, for plaintiff in error.

*E. J. Clower, Solicitor-General, G. W. Langford, T. J. Espy Jr.*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first ground of the amended motion for new trial is as follows: "Movant contends that the court erred because upon the trial of the above stated cause the court charged the jury as follows: 'The grand jury indicted and charged him with having on the 4th day of January, 1947, unlawfully and with force and arms sell and barter for a valuable consideration alcoholic and spirituous liquors, to wit: Non-tax-paid whisky, this said sale was made on the specific date in the amount of one pint of non-tax-paid whisky and this indictment is made a special indictment and is intended to apply to the day and date alleged and to no other, contrary to law." The objection urged was that this excerpt from the charge was an expression of opinion by the court as to a material fact necessary and essential to be proved by the State to make out its case, in that the words, "this said sale was made on the specific date," was a direct statement by the court that a sale did in fact take place. This excerpt from the charge followed the language of the indictment in stating to the jury the charge against the defendant, and since an ap-

propriate general charge was given in the case, there was no error in this part of the charge. *Holliday* v. *State*, supra.

■ The second ground of the amended motion for new trial was as follows: "Because the court erred in charging the jury as follows: 'The offense so charged is made a special bill, charging the defendant with the sale of whisky on the particular day and date, that is, the 4th day of January, 1947, and on no other day or date.'" The defendant contends that this part of the charge was incomplete because the court failed to charge that it was necessary for the State to prove that the sale was in the amount of one pint, and that it was "non-tax-paid whisky," and that under this part of the charge the jury was led to believe that the only necessary element to be proved by the State was that the alleged sale took place on January 4, 1947. The indictment alleged a sale of one pint of non-tax-paid whisky, and the jury was authorized to find from the evidence that there was a sale of one pint of non-tax-paid whisky. The witness, Wilkins, testified positively that he bought one pint of whisky. The bottle of whisky was introduced as evidence and from that the jury could determine whether or not the necessary revenue stamps were on the bottle, and whether or not it was non-tax-paid whisky. The jury had the right to find from the bottle of whisky introduced into evidence whether or not it was non-tax-paid whisky, and the jury resolved this finding against the defendant. When the excerpt complained of is considered in the light of the entire charge no error appears. *Holliday* v. *State*, supra; *Spence* v. *Morrow*, supra.

■ The plaintiff in error does not argue in his brief the merits of the general grounds. However, they have been considered by the court. The evidence amply authorized the verdict.

The court did not err in overruling the motion for new trial as amended.

*Judgment affirmed. MacIntyre, P. J. and Gardner, J., concur.*