47003.  TUKES v. THE STATE.

JORDAN, Presiding Judge. Appellant was indicted for the offense of arson and convicted of criminal attempt to commit arson. Error is assigned on the overruling of her motion for new trial on the general grounds only. *Held:*

We affirm. The record discloses an overwhelming array of evidence to support the verdict of guilty. Her co-defendant testified that she furnished the money to buy the gas, that they went to the dwelling occupied by Willie Ray and others, and that "I throwed the gas and she throwed the match." A city policeman testified that he went to the house in answer to a call, saw a blazing fire, and apprehended the defendant and her co-defendant as they ran from the scene. There was other corroborating and damaging evidence.

A person commits arson in the first degree when by means of fire or explosives he knowingly damages "any dwelling house of another without his consent . . ." *Code Ann.* § 26-1401. The record shows that one of the occupants of the house had deeded the property to the defendant. It is therefore contended that the defendant could not be guilty of arson or attempted arson since she was the legal owner of the premises. This contention is without merit. The offense is committed whether the dwelling house is occupied, unoccupied, or vacant and whether the premises are the property of the defendant or of another. Lawful occupancy by one in charge constitutes ownership as contemplated by the statute, and the question of legal title is not involved. *Golding v. State,* 30 Ga. App. 30 (2)

(116 SE 881). See also, *Rice v. State,* 16 Ga. App. 128 (3) (84 SE 609); *Morgan v. State,* 120 Ga. 499, 502 (48 SE 238); and *Harrell v. State,* 121 Ga. 607 (49 SE 703).

> *Judgment affirmed. Deen and Clark, JJ., concur.*

SUBMITTED MARCH 9, 1972—DECIDED MARCH 17, 1972— REHEARING DENIED MARCH 30, 1972.

*Casey Thigpen,* for appellant.
*H. R. Thompson, District Attorney,* for appellee.