## 56748. THE STATE v. HOVERS.

McMURRAY, Judge.

Defendant James Hovers was indicted for the offense of a felony (arson in the first degree), the indictment alleging he "did knowingly damage by means of fire and explosive the dwelling house of James Hovers which was then and there subject to a security interest as evidenced by a warranty deed to secure debt in favor of Citizens Federal Savings and Loan Association of Rome; the damage aforesaid having been caused by the accused without the consent of Citizens Federal Savings and Loan Association of Rome. . ."

Defendant filed a motion to quash the indictment (in the nature of a general and special demurrer) contending that the indictment does not charge defendant with any offense contrary to the laws of this state. After a hearing on defendant's motion the indictment was quashed. The state appeals contending the indictment sets forth an offense in violation of Code Ann. § 26-1401 (a) (b) (Ga. L. 1976, p. 1497). *Held:*

If the security holder did not consent to the damaging of defendant's dwelling house then the damage was done, "without the consent of both," the security holder and defendant. The allegations of the indictment are sufficient to charge the defendant with the offense of a felony (arson in the first degree). See Code § 26-1401 (a) (b), supra. Furthermore, as to the question of whether one could be charged with the offense of arson or attempted

arson of his own dwelling house, this court in *Tukes v. State,* 125 Ga. App. 831 (189 SE2d 135), has held: "The offense [arson in the first degree] is committed whether the dwelling house is occupied, unoccupied, or vacant and *whether the premises are the property of the defendant or of another."* (Emphasis supplied.) While the *Tukes* case was decided prior to the enactment of the present language of Code § 26-1401, supra, the only change effected by the present enactment was the insertion in both subsections (a) and (b) the provision: "or in which another has a security interest including, but not limited to, a mortgage, lien, or a conveyance to secure debt without the consent of both."

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 14, 1978.

*F. Larry Salmon, District Attorney, Robert D. Englehart, Assistant District Attorney,* for appellant.

*Cook & Palmour, A. Cecil Palmour, Bobby Lee Cook,* for appellee.