## 73872. RASH v. THE STATE.

(356 SE2d 719)

BENHAM, Judge.

Appellant was indicted for arson and convicted of criminal damage to property in the second degree. On appeal, he raises the sufficiency of the evidence generally and, specifically, the sufficiency of the evidence that he damaged the "property of another person." See OCGA § 16-7-23 (a) (2).

The evidence, although conflicting, authorized the jury to find that appellant, intoxicated and angry at his former wife, poured gasoline on the carport of their former marital home, then occupied by his former wife, and lit it in furtherance of his threat to "burn the mother down" if his former wife did not admit him to the house. A divorce decree, entered less than two weeks before the incident, awarded title to and use of the house to appellant's former wife and ordered him to quitclaim his interest in the house within 30 days of the decree.

Appellant's argument is that since he had not yet complied with the order that he give his former wife a quitclaim deed, he was still an owner of the house and that, therefore, the house was not the "property of another person." In rejecting a similar argument in an arson case, this court held, "Lawful occupancy by one in charge constitutes ownership as contemplated by the statute, and the question of legal title is not involved." *Tukes v. State*, 125 Ga. App. 831 (189 SE2d 135) (1972). Although the *Tukes* court was speaking of the arson statute, the pertinent language, "dwelling house of another" in OCGA § 16-7-60 (a) (1), and "property of another person" in § 16-7-23 (a) (2),

is sufficiently similar that the statement is equally applicable to this case. See also *Corson v. State*, 144 Ga. App. 559, 560 (241 SE2d 454) (1978), in which it was held that criminal damage to property is established by proof of the same conduct as first-degree arson except for the difference in proof of mental state.

Since the divorce decree, which is in the record of this case, awarded the wife "use" of the house, her legal occupancy was shown and the contested element of the offense was proved. The evidence at trial was sufficient to authorize any rational trier of fact to find appellant guilty of criminal damage to property in the second degree beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-7-23 (a) (2).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 16, 1987.

*Christine A. Van Dross*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.