75052. WILLIAMS v. THE STATE.
(361 SE2d 713)

SOGNIER, Judge.

Appellant was convicted of armed robbery and aggravated assault, and he appeals.

1. Appellant alleges error in the trial court's charge on aggravated assault, because instructing the jury that the knife involved in the assault was a deadly weapon was a comment on the evidence. The charge complained of, in pertinent part, was as follows: "Now, if you

believe beyond a reasonable doubt that this Defendant in this count . . . did . . . knowingly, willfully and intentionally make an assault upon the person of Richard D. Venable with a knife, a deadly weapon in the manner in which it was used then and there, you'd be authorized to convict of the offense of aggravated assault." Appellant argues that this charge invaded the province of the jury, because whether or not an instrument is a deadly weapon when used in a certain manner is a question for determination by the jury. This argument is without merit.

The indictment in this case charged appellant with committing an aggravated assault by assaulting Venable with a knife, "a deadly weapon, in the manner then and there used . . ." Hence, the trial court's charge tracked the indictment, informing the jurors that *if* they believed beyond a reasonable doubt that appellant committed the offense in the manner alleged in the indictment, they were authorized to convict appellant of aggravated assault. A complaint about a portion of the charge which follows the language of the indictment is without merit. *Weeks v. State*, 58 Ga. App. 440 (1) (198 SE 809) (1938). See also *Roberson v. State*, 76 Ga. App. 31, 32 (1) (44 SE2d 719) (1947).

2. Appellant contends that the offenses of aggravated assault and armed robbery merge under the facts of this case and his conviction of aggravated assault must be vacated. We do not agree.

The evidence disclosed that appellant robbed Richard Venable at knifepoint in the cashier's booth at the gas pumps outside a convenience store. Appellant then forced Venable into the store and behind the counter. When appellant loosened his grip around Venable's neck, he pushed appellant back against a cooler. Venable's mother came up from the rear of the store and when appellant saw her he swung at her with a knife. Venable then shoved appellant again, and appellant cut Venable in the abdomen and on the wrist. Appellant then ran out of the store.

It is clear from the facts that the robbery took place at the gas pumps and had been completed at the time appellant assaulted Venable with a knife inside the store. Thus, appellant's actions constituted two separate crimes as a matter of fact, and the aggravated assault did not merge with the armed robbery. Accordingly, appellant was properly convicted and sentenced for both offenses. *Dunbar v. State*, 163 Ga. App. 243, 244 (2) (292 SE2d 897) (1982); *Whitehead v. State*, 144 Ga. App. 836 (3) (242 SE2d 754) (1978).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 7, 1987.

S. *Andrews Seery*, for appellant.

H. *Lamar Cole*, District Attorney, *James E. Hardy, J. David Miller*, Assistant District Attorneys, for appellee.