A04A1635. RIGO v. THE STATE.
(604 SE2d 238)

ELDRIDGE, Judge.
Following a bench trial in the Superior Court of Cobb County, Michael Rigo was found guilty of false imprisonment, aggravated assault, cruelty to children, and battery under the Family Violence Act, which charges arose in relation to acts Rigo perpetrated against his wife. He appeals, claiming that the trial court erred by failing to merge the offense of false imprisonment with the offense of battery; that the evidence was insufficient to support his conviction for cruelty to children; that the trial court improperly relied upon a pre-sentence

investigation in aggravation of sentence; and that he received ineffective assistance of counsel at trial. We have reviewed these enumerated errors and, finding each meritless, affirm Rigo's conviction.

1. The offense of battery is not a lesser included offense of false imprisonment and the crimes do not merge as a matter of law.[1] Nor, in this case, did the offenses merge as a matter of fact because the proof of each offense was distinct from proof of the other. Rigo bruised his wife's throat by strangling her *after* he had already bound her hands and wrists with duct tape and was unlawfully holding her against her will. That a distinct separate offense, like a battery or a rape, occurs during the ongoing course of another completed offense, like false imprisonment, does not in itself preclude conviction and sentence for each.[2] Rigo's claims to the contrary are without merit.

2. Equally without merit is Rigo's claim that the evidence was insufficient to support his conviction for cruelty to children because the State failed to prove that he *intentionally* allowed his child to witness his felonious acts against the victim. Viewed to support the verdict,[3] the evidence was that Rigo's young daughter woke up when Rigo began screaming at her mother and was present when Rigo pointed a gun at her mother and bound her mother with duct tape. The victim testified that during the above acts, the child "was coming in between us. And he's [(Rigo)] like, how come she was in bed with you and I wasn't expecting her to see this. And it's all your fault. She's going to witness you die, and she's never going to forget that. And she's going to be scarred." The evidence was that Rigo repeatedly pushed the child out of his way so he could continue his attack on the victim. We find this evidence sufficient for a rational trier of fact to have found beyond a reasonable doubt that Rigo intentionally allowed his minor daughter to witness the felonious acts he perpetrated.

3. Next, Rigo claims a pre-sentence investigative report was improperly used in "aggravation" of sentence without the State giving notice of its intent to introduce such report pursuant to the requirements of OCGA § 17-10-2. This claim has no merit. The pre-sentence investigative report was ordered by the trial court and was not evidence "submitted" by the State in aggravation of sentence as contemplated by OCGA § 17-10-2. Further, no objection was registered to the use of the pre-sentence report, except to "point out" some "difficulty with some of the things that she [(Mrs. Mentor, Rigo's

---

[1] OCGA § 16-1-6.

[2] *Olsen v. State*, 191 Ga. App. 763, 764-765 (1) (382 SE2d 715) (1989); *Williams v. State*, 184 Ga. App. 480, 481 (2) (361 SE2d 713) (1987).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ex-wife)] had indicated and especially what has been put in the report." Moreover, it is clear from the sentencing transcript that the trial court did not consider the disputed portions of the report related to Mrs. Mentor; indeed, it does not appear that the report played any role in the sentencing. From the record, it appears that the trial court sentenced Rigo solely on the basis of the egregiousness of the evidence adduced at trial, and the court imposed prison time in an amount significantly less than that recommended by the prosecutor. Accordingly, the error as urged provides no basis for reversal.

4. Rigo contends he received ineffective assistance of counsel at trial because trial counsel failed to mount a "phen-fen" defense on Rigo's behalf. To prevail on a claim of ineffective assistance of counsel, Rigo must show both that counsel's performance was deficient and that the inadequate performance prejudiced the defense.[4] He must overcome the strong presumption that counsel's conduct fell within the broad range of professional conduct and demonstrate that the outcome of the proceedings would have been different were it not for counsel's deficiencies.[5] Rigo has not met this burden. First, the record shows that, knowing of its effect, Rigo voluntarily abused the drug combination phentermine/fenfluramine a/k/a "phen-fen." Second, there is no medical evidence of record that a phen-fen induced "mania" negates the ability to distinguish right from wrong so as to form the requisite criminal intent. And, third, Rigo has put forward no evidence demonstrating that, had a "phen-fen" defense been put forward by trial counsel, the outcome of the proceedings would have been different. These three factors remove this case completely from the factual scenario faced by this Court in *Guzman v. State*,[6] the case upon which Rigo so heavily relies. In *Guzman*, defendant suffered from confusional migraines, an involuntary medical condition unrelated to drug abuse; during the motion for new trial hearing, competent medical testimony was put forward that such medical condition rendered a person unable to form the requisite criminal intent; and, finally, there was physical and testimonial evidence (other than from defendant) that Guzman could have been experiencing a confusional state at the time of the incident.[7]

In this case, trial counsel went to Emory University and researched a "phen-fen" defense; he determined that Rigo's voluntary abuse of the drug did not provide a viable defense to the charged

---

[4] *Harris v. State*, 268 Ga. 412 (490 SE2d 96) (1997), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] *Harris v. State*, supra.

[6] *Guzman v. State*, 260 Ga. App. 689 (580 SE2d 654) (2003).

[7] Id. at 695.

offenses. Under the circumstances reflected in the record, we do not find error in trial counsel's tactical decision.

Rigo additionally complains about his attorney's failure to move for a continuance after receiving the pre-sentence report and his failure "to present a complete picture of defendant's drug use and mental health background during the pre-sentence hearing." However, other than to state that these failures were "harmful," Rigo has put forward no basis upon which this Court could or should concur with such assessment. At the motion for new trial hearing, Rigo did not put forward a "complete picture" of his drug use, and he fails to demonstrate how his voluntary abuse of drugs would translate into a lesser sentence. Moreover, as recognized in Division 3, supra, the trial court's sentence was based upon the egregious facts of this case, not upon the contents of the pre-sentence report.

On the record before us, Rigo has failed to show clear error in the trial court's conclusion that Rigo received effective assistance of counsel.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED AUGUST 31, 2004.

*Julian M. Treadaway*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Andrew J. Saliba, Assistant District Attorneys*, for appellee.