## JACKSON *v.* THE STATE.

1. The grounds of the motion for a new trial, based upon the contention that there was a variance between the allegata and the probata do not show error.

2. The third ground of the amended motion for a new trial is: "The verdict is contrary to law and the evidence, because no intention was shown to wreck a train." It is insisted that the train was not wrecked, but was derailed by a derailer on the siding, placed there by the railroad for the purpose of derailing trains; and furthermore, that no intention was shown to wreck the train, because the alleged act of the defendant in throwing the switch was not such an act as in itself would in its nature cause the train to be wrecked, for the reason that when the switch is thrown a red signal appears, which signal can be seen at a sufficiently long distance away to allow the engineer, if he is keeping an outlook, as required by law, to see the same, and thereby bring his train to a stop before reaching the switch. There is no merit in this ground of the motion. It is included in the general grounds complaining that the verdict is without evidence to support it. We hold that the evidence authorized the verdict, and that the court did not err in refusing to grant a new trial.

No. 4437. October 16, 1924.

Train-wrecking. Before Judge Meldrim. Chatham superior court. June 5, 1924.

*W. W. Douglas,* for plaintiff in error.

*George M. Napier, attorney-general, Walter C. Hartridge, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. London Jackson and Arthur Gland were indicted for the offense of train-wrecking, and were tried separately. The exception in this case is to the judgment overruling the motion of London Jackson for a new trial, which consisted of the general grounds and three special grounds. Two of these grounds raise the same point, to wit: Defendant's counsel moved the court to direct a verdict for the defendant, on the ground of variance between the allegata and the probata, in that the indictment charged that "said train being then and there wrecked by the said defendants then and there unlawfully and feloniously breaking the lock on the switch, to wit, South Switch at Long Siding, thereby throwing said switch *into neutral* (italics ours), causing the train to be derailed and causing the engine which was then and there drawing and moving said railroad train on the track aforesaid to leave the said railroad track, thereby damaging and wrecking the said engine." The evidence for the State did not show that the switch was thrown into "neutral," as alleged in the indictment, but all the testimony and the physical facts plainly show that the switch was not thrown into neutral, but was open, that is, completely thrown, and the train was not wrecked by the throwing of the switch into neutral, but by the throwing of the switch completely open, and the engine ran into the siding and was derailed by the derailer; furthermore, that the evidence does not show that the mere breaking of the lock would thereby throw the switch into neutral, and the testimony for the State being, "to get in that siding you have to raise the lever to move the switch. It is locked, and you have to unlock it and raise the lever to move the switch."

The evidence authorized the jury to find that the accused, together with Gland, changed the switch on the track of the railroad named in the indictment from the position in which they found it; and that this act of the two defendants caused the engine to be diverted from its intended track, with the result that it was derailed and wrecked. Should the verdict be set aside on the

ground that the evidence did not show, in addition to what has just been stated, that the lock of the switch was thrown "into neutral," as alleged in the indictment? "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519). In that case the defendant was charged with stealing a bale of cotton from "under the ginhouse of Johnson, the place where the same had been stored, the said bale of cotton having been placed and located near the press under said ginhouse." There was evidence that the cotton had been taken from under the ginhouse of Johnson, though there was no proof that it had been taken from "near the press." One ground of the motion for new trial complained "that there was no proof of the descriptive averment that the bale had been placed near the press." In the opinion Mr. Justice Lamar said: "The intent of Penal Code, § 186, was to make the stealing of baled cotton a felony, regardless of its value or of whether it was taken from a house or from within the curtilage, or whether the elements of burglary were present or not. It made the place where the cotton was located or stored immaterial. *Moseley* v. *State,* 74 *Ga.* 404. Venue of the crime was the only locality that had to be alleged and proved. Therefore the allegation that the cotton was under the ginhouse of Johnson and near the press under the ginhouse was mere surplusage, and not descriptive of any material element of the crime. The proof must identify the particular bale alleged to have been stolen, but it made no difference whether it was taken from one room or another, or from one end or the other of the open space under the building. There was ample evidence to show that the cotton described in the indictment was taken from under the ginhouse where it had been located; and it was unnecessary to prove that it had been placed near the press, even if as a matter of law nearness to the press was not involved in the proof that it was taken from the building containing the same. This case does not come within the rule that an immaterial description of a material fact must be proved, but, place being unimportant, it was rather an instance of an immaterial description of an immaterial fact."

In principle we think that the present case falls within the ruling made in the *Hall* case, and therefore that the first and second

special grounds of the motion for a new trial are without merit. In the case of United States *v.* Fero, 18 Fed. 901, the second headnote is as follows: "Unreasonable strictness in the wording of an indictment ought not to be required; and where the indictment clearly charges a crime and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained. The highest degree of certainty is not required; certainty to a common intent is sufficient." Was the allegation with reference to throwing the switch "into neutral" necessary? If so, to sustain a conviction under the indictment the proof must correspond to the allegation. If it was unnecessary, that allegation was mere surplusage and proof corresponding to it was unnecessary. The allegations of fact in an indictment for trainwrecking do not include such minute details as the exact situation in which the switch-lock was left. It is sufficient if the indictment puts the accused on notice that the State will contend that he changed the condition of the switch-lock from that in which it was left, so that it resulted in a wreck. It is only essential that the evidence support the necessary allegations in the indictment, although unnecessary details may be set out in the charge against him.

The second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*