152

**BEXLEY (City), Plaintiff, v. IVEY, Defendant.**

Common Pleas Court, Franklin County.

No. 186561.  Decided March 28, 1953.

·Harley E. Peters, for plaintiff.
Russ Bothwell, for defendant.

## OPINION

By BARTLETT, J.

This is an appeal in a criminal case, under §13459-1 GC, from a verdict and judgment finding defendant guilty of a misdemeanor, in the Mayor's Court of the City of Bexley.

The affidavit on which the defendant-appellant was tried, charged that he "did, then and there damage certain public property, to-wit: street light standard at Drexel and Broad, southwest corner, in City of Bexley, in violation of Section 31 of Ordinance 30-51 of the City of Bexley, Ohio."

Officer Everett testified November 6, 1952, about 7:30 P. M. he arrived at Drexel and Broad.  He found defendant's car up over the curb on the city property between the sidewalk and curb, the front end of the car had passed over a street light, the top portion of which was found five or six feet from its location, the cord or light line in the mount itself had been pulled from the mount, the route marking was about six feet beyond the front of the car.  Defendant's car was found on top of the base of the light mount.

Officer Paul Burke corroborates the testimony of Officer Everett upon this point.

Officer Everett further testified the car was registered in defendant's name and, also, that the defendant and the two riders in the car said

the defendant was the driver at the time of the accident. He also testified the pole was about twenty feet from the corner.

On cross-examination, counsel for defendant, undertook to put words in this officer's mouth (R. p. 6, 7, 8 and 9), but was not very successful in that respect. In response to a question by counsel (R. p. 8) the officer states: "I didn't see the accident. I didn't see the cars collide. I was told by the defendant and the two passengers in the car that he was the driver. They didn't mention the other car having been in an accident until I questioned the defendant myself at the hospital."

Thereupon defense counsel, being the only attorney present, proceeded persistently in an effort to show these self-serving statements of the defendant at the hospital—long after his statements at the scene of the accident. Such self-serving declarations were not only incompetent, but are naturally not trustworthy evidence, and are entitled to little, if any, weight. Even then the officer refused several times to permit counsel to put the words in his mouth. In response to counsel's question (R. p. 9) the officer testified: "He (defendant) did not necessarily say that the other car struck him."

Counsel (R. p. 9) ask: "As a result of the collision with the first car, his car went into the pole?" The officer replied: "He didn't say that."

Objection is raised as to proof that the light pole belonged to the city. It is a matter of common knowledge that such lights at such locations are city property. In response to counsel's question (R. p. 9), the officer testified why he considered it city property.

In addition to the foregoing evidence, the Mayor had the right to consider the failure of the defendant to testify. **Sec. 13444-3 GC.** This right is so substantial that it was incorporated in the **Constitution of Ohio, Article I, Section 10** thereof.

Defense counsel lays great strees on the fact that the ordinance in question ignores the intent with which the act was done.

"There are many cases, in statutes providing police regulations, making certain acts penal, where this element is wholly disregarded." **12 O. Jur. Criminal Law, Sec. 18, p. 62,** citing Greenleaf on Evidence.

"If an act is made an offense by statute without reference to the intent, the intent with which the act is done is immaterial." **12 O. Jur. p. 62, supra; Zent v. State, 3 Oh Ap 473; State v. Weisberg, 74 Oh Ap 91.**

"1. * * *, if a statute defining an offense is silent on the question of intent, it is not necessary to allege and prove an intent to commit the offense." **State v. Huffman, 131 Oh St 27.**

"Nor shall any judgment of conviction be reversed in any court * * * for the admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby; * * *nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial." **Sec. 13449-5 GC, Makley v. State, 128 Oh St 571; State v. Huffman, 131 Oh St 28.**

Upon a review of the entire record, there is no substantial error manifest upon the fact of the record; and it does not affirmatively

154

appear from the record, the accused was prejudiced or prevented from having a fair trial, for any cause whatever.

The verdict and judgment of the Mayor's Court is accordingly affirmed at the defendant's costs. Entry accordingly reserving exceptions of defense counsel.