**BEXLEY (City), Plaintiff-Appellee, v. IVEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4955. Decided September 21, 1955.

Howard C. Park, City Solicitor of Bexley, Columbus, for plaintiff-appellee.

Knepper, White, Richards, Miller & Roberts, John A. Jenkins, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming the conviction and sentence of defendant-appellant for violation of Section 31 of Ordinance 30-51 of the City of Bexley.

Several errors are assigned, but the one principally urged is that the ordinance is unconstitutional because it defined the offense without requiring that the act constituting the offense be done with intent.

All of the questions here urged were presented and considered by Judge Bartlett on the appeal to the Common Pleas Court and he wrote an opinion with which we have been favored and with which we agree in its entirety. We affirm the judgment upon that opinion.

We might add that the facts as stated by counsel and by brief, especially in Common Pleas Court, are not found in the bill of exceptions. It is there contended that the defendant while moving through an intersection with the green light was struck by another automobile and forced into and against the light standard which it is shown was damaged by the impact. Had these facts appeared there would have been presented the question whether or not the defendant by his voluntary act damaged the pole and it would appear in the situation,

if as claimed by defendant, that the driver of the car which forced him into the pole would have been the malefactor and the man who should have been prosecuted. There was some mild effort on the part of counsel for the defendant to show what occurred in the intersection, and the Mayor who tried the case would not accept the testimony. However, no testimony was proffered by defendant and there is not a single exception to the ruling of the Mayor at any time during the hearing. Thus the question sought to be raised is not presented. There is no doubt that the City of Bexley had the right to define the offense as set out in the Ordinance, it being the class of offenses which are mala prohibita, as set out and discussed in Judge Bartlett's opinion.

No assignment of error is well made.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.