## 54557. COLLINS et al. v. THE STATE.

Banke, Judge.

James Collins and Harry Evans were jointly tried and convicted of burglary. They were represented at trial by the same appointed counsel. Collins contended in their joint motion for new trial that this denied him his Sixth Amendment right to effective assistance of counsel. This

joint appeal is from the denial of the motion for new trial.

Evans made a taped confession prior to trial in which he implicated Collins. This tape was played before the jury, with the trial judge later giving instructions that the confession was to be considered as evidence against Evans only, not against Collins. Evans testified at trial and denied ever having made the taped statement.

1. Collins' claim of ineffective assistance of counsel is based on the principle, set forth in Glasser v. United States, 315 U. S. 60 (62 SC 457, 86 LE 680) (1942), that a single defense counsel cannot effectively represent multiple defendants with conflicting interests. In this case, a conflict is not readily apparent since both defendants testified that they were together on the night of the burglary and Evans denied having implicated Collins or, indeed, having confessed at all. However, the Fifth Circuit Court of Appeals has held that a conflict is inherent in any case where the same attorney represents two co-defendants, one of whom has made a confession implicating the other. Baker v. Wainwright, 422 F2d 145 (5th Cir., 1970), cert. den. 399 U. S. 927. Although this decision is not, of course, binding upon this court, it does constitute persuasive authority in the absence of any Georgia cases on the issue.

The reasoning in Baker is based on the rule that evidence of the confession of one co-defendant implicating another cannot be admitted at a joint trial where the confessor does not take the stand and is not available for cross examination. See Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); Reeves v. State, 237 Ga. 1 (226 SE2d 567) (1976); Reddish v. State, 238 Ga. 136 (231 SE2d 737) (1977). In view of this rule, a defense attorney representing both co-defendants would have it within his power to void the trial as to the nonconfessing defendant by choosing not to allow the confessing defendant to testify. As stated by the court in Baker, "When a defense counsel has it within his power to void a proceeding against his client and, because of his representation of another is not completely free to exercise this power, he most assuredly has a directly conflicting interest." Baker v. Wainwright, supra, p. 148. See also Holland v. Henderson, 460 F2d 978 (5th Cir., 1972).

Although Collins had a right to separate appointed counsel, it was a right he was entitled to waive. See *Williams v. Gooding,* 226 Ga. 549 (1) (176 SE2d 64) (1970). Thus, we are presented with the question of whether his failure to object or to request separate counsel amounted to a waiver.

The Fifth Circuit reached this issue in Baker v. Wainwright, supra, and found that the defendant could not have intended a waiver due to the fact that Bruton v. United States, supra, had not been decided at the time of his trial. Thus, he could not have known the effect of his waiver.

In this case, on the other hand, a knowing, intentional and intelligent waiver does appear. Trial counsel testified at the hearing on the motion for new trial that he explained to Collins that, because of Evans' confession, he (Collins) was "running a risk" by agreeing to a joint trial. He stated that Collins, nevertheless, expressed an "adamant desire" to be tried with Evans. It appears, then, that Collins affirmatively chose to present a unified defense with Evans in the face of warnings that Evans' confession would present a greater problem to him if he did so. Under these circumstances, and in absence of any actual inconsistency in the two defenses at trial, we hold that Collins knowingly, intelligently, and voluntarily waived his right to separate counsel by failing to object or claim the right prior to trial. Accord, United States v. Boudreaux, 502 F2d 557, 558 (5th Cir., 1974). Accordingly, the first enumeration of error is without merit.

2. The defendants enumerate as error the failure of the trial court to declare a mistrial on its own motion on two occasions when their character was allegedly placed in issue. No motion for mistrial was made; therefore, no error appears. See *De Vere v. State,* 45 Ga. App. 330 (4) (164 SE 485) (1932); *Mach v. State,* 111 Ga. App. 423 (2) (142 SE2d 87) (1965). Enumerations of error two and five are without merit.

3. The trial court's finding that Evans' confession was offered freely and voluntarily is amply supported by the record of the "Jackson v. Denno" hearing. The testimony of the defendant that he was threatened is

directly contradicted by the testimony of the law enforcement officials involved. The third enumeration of error is also without merit. See generally *High v. State,* 233 Ga. 153 (1) (210 SE2d 673) (1974).

4. Collins contends that a verdict should have been directed in his favor since there was insufficient evidence to corroborate his co-defendant's statement implicating him. This contention is without merit. The evidence disclosed that the two defendants were together in close proximity to the store shortly after its burglar alarm went off; that they had a white, chalky substance on their pants, similar to the chalky material found on the floor of the store under the hole in the ceiling through which entry had been effected; that footprints similar in size and pattern to the soles of the shoes worn by the defendants were found in the alley behind the store; and that the defendants were apprehended in the only car seen in the vicinity of the store at the time of the burglary. It was not error to deny the motion for directed verdict.

5. The court did not err in allowing into evidence plaster casts made from the footprints behind the store. Although the officer who made the casts admitted that he was not an expert in the field of making plaster casts, he offered no opinion requiring expert knowledge. The sixth enumeration of error is without merit.

6. No error is shown to have resulted from the sheriff's remaining in the courtroom during the trial in apparent violation of the sequestration rule since no objection was made at trial. See *Mincey v. State,* 124 Ga. App. 315 (2) (183 SE2d 614) (1971).

7. It was not error to fail to charge on the defense of alibi. No alibi witnesses were presented. The defendants testified that they were walking towards a service station next to the store when they heard the burglar alarm go off. This was not enough to require an alibi charge. See *Wheeless v. State,* 135 Ga. App. 406 (6) (218 SE2d 88) (1975); *Pierce v. State,* 140 Ga. App. 894 (2) (232 SE2d 167) (1977).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED NOVEMBER 22, 1977.

*J. Greg Wolinski,* for appellants.
*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.