## 56170. BATY v. THE STATE.

MCMURRAY, Judge.

A robbery committed by two individuals occurred in a store in Newton County. The store owner only saw one of the individuals (later identified as defendant Baty), who knocked him down. He felt something against his head, very much like a gun, and the robber told him, "I'll blow your [g— d—] brains out." During this incident another employee came in the store, whereupon defendant Leroy Miller, whom he had seen in the store earlier that morning, waved a gun at him and "told me to get behind the counter, get on the floor," and he was made to lie down on the floor. The two robbers proceeded to ransack the store and left, advising the store owner and employee they would blow their brains out if they came out of the store. The robbery was reported with a description given to the police that they had fled on the expressway in a car with a black vinyl top and off-white bottom, being two black males, one big, the other smaller. The car was then chased by Rockdale County police in which shots were fired as soon as they were intercepted. When the chased vehicle

left the expressway one of the robbers (later identified as defendant Leroy Miller) jumped from the car, aimed a pistol at the police officer, pulled the trigger and when it misfired he fled. The police officer attempted to shoot at defendant Miller with a shotgun but it misfired. Defendant Miller was later apprehended at a nearby apartment house. The chase continued as to the driver of the car (later identified as defendant Baty) who ran it into a fence and fled. Defendant Baty, as he was fleeing, fired several shots from his pistol at a uniformed state patrolman who in turn fired six shots from his M-1 carbine which then malfunctioned. He was later apprehended. Defendants Leroy Miller and Willie Fred Baty were separately indicted for armed robbery, tried jointly and convicted. We are concerned here with only the appeal of the defendant Baty, who was sentenced to life imprisonment.

During the trial only the defendant Miller took the witness stand and testified. He admitted he had been in the store to "get me a drink," had bought a drink out of the machine on the outside of the store, started walking down the street and hitchhiked a ride with another until they were chased by a police officer on the expressway who started shooting at them. He got "scared," and jumped out of the car, climbed the fence and was stopped by the police officer. His sole defense was that he did not know defendant Baty and was only riding in the car when it was chased by a police car. *Held:*

1. Initially, both defendants were jointly represented by one lawyer who investigated the case. Approximately three or four days before trial because of the different stories the two defendants were telling, as to the circumstances surrounding the alleged crime, the sole counsel arranged with another attorney who had previously been associated with him to be prepared to act as attorney for defendant Baty if counsel was unable to obtain a severance. Counsel announced to the trial court that because of the possible conflict of interest he could not represent both defendants at the time of trial, that he had discussed this with the two defendants and they understood. Whereupon he proceeded to argue the motion for severance which was denied. Both were convicted.

Thereafter, defendant Baty employed other counsel who filed a motion for a new trial as later amended, contending the trial court had erred in failing to grant the motion for severance and to continue the case because of the unpreparedness of new counsel.

His first enumeration of error is that the trial court erred in not finding that defendant Baty had inadequate assistance of counsel. The law does not interpret the right to counsel to mean errorless counsel and not counsel judged ineffective by hindsight, but is determined by the reasonable effectiveness of counsel at the time services were rendered. *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). While the motion for new trial merely argued that the trial court erred in refusing to grant the severance and to continue said case because new counsel had failed to prepare for trial, no motion for continuance was made at the time of trial. New counsel did argue the lack of effectiveness of counsel, and after oral argument and testimony the court denied the motion for new trial.

After examination of the entire case, including the testimony offered at the motion for new trial hearing, we hold the trial court did not err in denying the motion for new trial, nor is there any merit to the charge of ineffective assistance of counsel. As was stated in the recent case of *Fortson v. State,* 240 Ga. 5, 6 (239 SE2d 335), citing *Dobbs v. State,* 235 Ga. 800, 804 (221 SE2d 576): "In light of the nature of the crime and the overwhelming evidence against the defendant in this case, the trial tactics and strategy followed by counsel were as effective as possible under the circumstances." Much argument has been made that counsel was ineffective in failing to have the defendant Baty testify, particularly so after the defendant Miller was contending he did not know defendant Baty, had merely hitchhiked a ride with him and was an innocent person involved by reason of being picked up as a hitchhiker. This witness did not contend that defendant Baty was the guilty party but that he (the witness) did not have a gun. Yet, there was overwhelming evidence that both defendants were firing guns from the car as it fled down the expressway, and two guns were found after each had fled from the locality of the expressway. From the totality of the evidence, there

simply is no merit to the charge of ineffectiveness. See *Hart v. State,* 227 Ga. 171, 177 (10) (179 SE2d 346); *Collins v. State,* 144 Ga. App. 102, 103 (1) (240 SE2d 597).

2. The next enumeration of error argued by defense counsel is that the trial court itself erred in failing to explore the issue of conflict of interest and in failing to grant "sua sponte" a continuance to correct the ineffective representation of trial counsel. As stated above, we find no ineffective representation by trial counsel, but the trial court did, to a certain extent, inquire into the circumstances as to whether or not a statement made by the defendant Miller implicated the defendant Baty in any way. As stated above, we do not find an implication of guilt with reference to the crime as made by the defendant Miller but merely that he was not involved in any robbery. The trial court examined a written report made by the investigating officer wherein it reflected that defendant Miller stated he went into the store in Covington, asked about some oranges, came out of the store and was "riding with the largest subject and that he did not know his name, and that the larger subject went in the store and that the larger subject had the gun." This statement, reflected in the investigative report, does implicate both in the robbery in that defendant Miller was asked by the investigator "if he ever struck the old man in the store," and he stated that "the other subject, larger subject struck the old man and that he never hit anyone." The trial court then proceeded to deny the motion for severance. Since the statement, as reflected in the written report, implicating defendant Baty was not used in evidence the contention by the defendant Baty that the court "sua sponte" should have granted a continuance is without merit.

3. The trial court's instruction to the jury as to reasonable doubt and circumstantial evidence did not amount to the trial court commenting upon the failure of the defendant Baty to testify. The circumstances of the charge was that in making determination as to whether any other reasonable hypothesis exists, defendant's explanation must be taken into consideration. This charge was necessitated by the fact that the defendant Miller had testified and attempted to explain away his

presence at the scene and in the getaway car as being purely coincidental. Further, it is not a comment as to a defendant's failure to testify that is prohibited but rather a comment that he could have denied, refuted or explained the state's case against him by testifying. See *Woodard v. State,* 234 Ga. 901, 905 (7a) (218 SE2d 629).

4. The mere fact that the defendant Miller's defenses are antagonistic is not sufficient in itself to warrant separate trials. See *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856); *Birge v. State,* 143 Ga. App. 632, 634 (3) (239 SE2d 395); *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347). The burden is on the defendant requesting the severance to make a clear showing of prejudice and a consequent denial of due process, and this was not shown here.

Further, armed robbery is no longer a death penalty offense in this state. See *Gregg v. State,* 233 Ga. 117 (210 SE2d 659); *Peek v. State,* 239 Ga. 422 (238 SE2d 12).

5. The evidence was sufficient to support the verdict, and there is no merit in defendant Baty's contention that it was insufficient to prove beyond a reasonable doubt that the defendant Baty was guilty of armed robbery. *Gaines v. State,* 239 Ga. 98, 100 (1) (236 SE2d 55) and cits.

6. The withdrawal of the pistol as one of the exhibits wherein the state had felt it had failed to show the possession of the gun did not require the trial court to sua sponte instruct the jury to disregard all testimony relating to that exhibit. There is no merit in this complaint.

7. Examination of defendant Baty's brief fails to disclose wherein the photographic exhibits were allowed in evidence. However, defendant Baty contends that even though no objection was made to the introduction of these exhibits the failure of the state to prove an adequate foundation for their admission would require that they be excluded. Due to the failure to follow Rule 18 (Code Ann. § 24-3618), as well as counsel's admission that no objection was made to these exhibits when they were offered in evidence, no further consideration of this enumeration of error is required. *Clenney v. State,* 229 Ga. 561, 563 (3) (192 SE2d 907); *Hudson v. State,* 229 Ga. 565, 566 (1) (193 SE2d 7); *Johnson v. State,* 226 Ga. 511 (5), 514 (175 SE2d

840).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978 —
REHEARING DENIED SEPTEMBER 25, 1978 — 

*Johnson, Craig & Strauss, John T. Strauss,* for appellant.

*J. W. Morgan, District Attorney, William S. Sutton, Assistant District Attorney,* for appellee.