## 58056. REDDING v. THE STATE.

DEEN, Chief Judge.

1. Code § 38-415 provides that the failure of a defendant to testify shall create no presumption against him "and no comment shall be made because of such failure." Where the district attorney directly refers to silence as an indication of guilt, error has obviously been committed. Where an indirect reference to this fact is made a more marginal question is involved. In *Spann v. State,* 126 Ga. App. 370, 375 (190 SE2d 924) (1972) the words " . . . we have a man here that has no excuse" were

held to be such a comment and to constitute reversible error. In *Mitchell v. State,* 226 Ga. 450, 455 (4) (175 SE2d 545) (1970) the words "Has he told you . . .?" repeated after each of a long series of factual statements was held in a four to three decision not impermissible. We are, however, most influenced by *Jordan v. State,* 239 Ga. 526, 527 (238 SE2d 69) (1977) where it was held that the statement in closing argument: " '. . . there is no other evidence before you that he didn't pull the robbery' " was held by a full bench not to be a comment on the defendant's decision not to testify.

In this case the defense offered no evidence on the robbery trial. The statement of the district attorney in closing argument was that "the testimony of the victim stands unrefuted; there was no testimony to the contrary that it didn't happen that way" or "you have heard no testimony to refute it." Under the *Jordan* decision the denial of the motion for mistrial based on this language does not constitute reversible error.

2. The defendant was identified by the victim and also by an adolescent who had known him for about a year, furnished his name, and saw him as he was entering the house. The victim, although he did not know the defendant's name, picked out his picture from among five photographs. The testimony was ample to support the guilty verdict.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED JULY 2, 1979 — DECIDED
SEPTEMBER 4, 1979.

*H. Hutchinson,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Assistant District Attorney,* for appellee.