## 58984. DUNN v. THE STATE.

BANKE, Judge.

Appellant was tried for murder and convicted of voluntary manslaughter. His defense was justification, and his testimony was that he believed the victim was going into his house for a weapon. The victim was shot in the back as he entered his house. A search of the victim's house immediately after the shooting revealed no weapon. Enumerated as error is the trial court's refusal to allow a state's witness to testify on cross examination that on the day following the shooting the victim's wife was seen with a handgun. *Held:*

1. "The right of cross examination, thorough and sifting, shall belong to every party as to the witnesses called against him . . ." Code § 38-1705. However, " '[t]he scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused.' " *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382) (1966). Under the facts recited above, we find no abuse.

2. Appellant also enumerates as error the failure of the state to reveal the "identity of a private citizen who allegedly witnessed the homicide." The testimony at trial makes it clear, and appellant concedes in his brief, that

the witness in question was an anonymous caller "who ...did not divulge their name." This enumeration is meritless.

3. Lastly, appellant contends the evidence was insufficient to support his conviction of voluntary manslaughter. After a review of the evidence presented to the jury and available for their consideration, we find that it was sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 26, 1979 — REHEARING DENIED DECEMBER 14, 1979.

*Ken Gordon,* for appellant.
*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.