## 58828. GRAHAM v. THE STATE.

Quillian, Presiding Judge.

The Supreme Court, on certiorari, *State v. Graham,* 246 Ga. 341 (271 SE2d 627), having reversed our judgment in this case, the opinion is vacated and the case is now reconsidered in conformity with the opinion of the Supreme Court. *Held:*

1. The first enumeration of error was that the court erred in failing to grant a mistrial predicated on prejudicial remarks elicited by the Assistant District Attorney during voir dire, which remarks unlawfully placed the defendant's character in issue. The voir dire was not transcribed and, after two hearings, the trial judge was unable to recall what transpired. This effectively obviated the defendant's grounds by preventing him from showing error. In our former opinion we held that such deprivation was contrary to law and violated the statutory mandate.

The Supreme Court's decision relied on *State v. Hart,* 246 Ga. 212 (271 SE2d 133) which, without overruling prior decisions in *Aiken v. State,* 226 Ga. 840, 842 (178 SE2d 202), *Wade v. State,* 231 Ga. 131 (200 SE2d 271), and *Brown v. State,* 242 Ga. 602 (250 SE2d 491), held that under the statute (Code Ann. § 27-2401 (Code § 27-2401; as amended through 1976, pp. 991, 992)): "the state has the duty to see that the transcript is prepared and filed, though there is no time limit on this duty." *State v. Graham,* 246 Ga. 341, 342, supra.

The court then determined (at p. 343) "the intent of the term 'proceedings' is to refer to objections, rulings and other matters which occur during the course of the evidence as well as any post-trial procedures." No express ruling was made concerning precisely in

what category the voir dire should be considered.

Nevertheless, apparently predicated on the rationale that the voir dire was not within the parameters of "proceedings" in a criminal case, our decision in the case sub judice was found to be in error insofar as we held (at p. 343) "that the entire voir dire in a felony case must be reported and transcribed."

The decision then pointed out (at page 343) "If the defendant wished a more complete record of the questioning of the juror in issue, he should have made a motion at the time of his objection to have the questions and answers made a part of the record, since the party asserting error must show it by the record. *Kemp v. State,* 226 Ga. 506 (175 SE2d 869) (1970). Although § 6-805 (f) and (g) provide methods for later perfecting a transcript from recollection, the undesirability of that method is shown from this case, wherein counsel for both parties cannot stipulate as to what transpired, and the judge cannot recall the events either."

It is therefore apparent from the Supreme Court decision that, although the State may have some nebulous duty with regard to transcribing part of the voir dire (i.e., the objection and ruling thereon), the defendant is not entitled to rely on any further transcription, but has the very onerous task and duty of preserving his rights by affirmative action, on the failure of which he loses them.

Since on the record before us, based on the trial judge's certificate, we are unable to ascertain what transpired in the court below, we are constrained to apply the rule that the appellant has the burden of showing error affirmatively by the record and since none appears there is no basis for reversal. *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299).

2. Error is asserted on the failure of the court to grant defendant's motion for mistrial based on prejudicial and unlawful comments made by counsel for a codefendant. Counsel for the codefendant sought to call the defendant as a witness and when objection was sustained stated: "I don't believe there's anything that would come from my questions that would do anything other than exculpate Mr. Amos Goodman [the codefendant]." It is contended this was an impermissible comment on defendant's right to remain silent.

We pretermit determination of the issue whether when two defendants are tried jointly it is prejudicial error for counsel for one of them to comment on the other's exercising his right to remain silent. See Anno., 75 AmJur2d 317, Trial, § 238 and 1 ALR3d 989 and cases cited therein. Here there was no prohibited comment on defendant's failure to testify within the purview of Code Ann. § 38-415 (Code § 38-415; as amended through 1973, pp. 272, 294). As was held in

*Woodard v. State,* 234 Ga. 901, 905 (7) (218 SE2d 629) construing the statute in question: "The language in such Code section that no comment shall be made because of such failure to testify must be construed in accordance with the first provision of such sentence, to wit: the failure to testify shall create no presumption against a defendant. Thus construed, what is prohibited is a comment that the defendant could have 'denied,' 'explained,' or otherwise 'disputed' the state's case against him." Accord, *Baty v. State,* 147 Ga. App. 277, 280 (3) (248 SE2d 503); *Drake v. State,* 239 Ga. 232, 236 (236 SE2d 748).

Under the cited authority, the statement by counsel was not a prohibited comment within the meaning of Code Ann. § 38-415; and thus constituted no basis for reversal.

*Judgment affirmed. Deen C. J., Smith, Shulman, Birdsong, Carley and Sognier, JJ., concur. McMurray, P. J., and Banke, J., concur in the judgment only.*

Submitted November 19, 1979 — Decided November 21, 1980.

*Thomas H. Vann, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.