## 67539. SMITH v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of burglary and, in his sole enumerated error, claims that the trial court erroneously permitted the assistant district attorney to comment in his closing argument on appellant's failure to testify.

At trial, appellant presented no evidence other than an almanac. During his closing argument, the prosecuting attorney stated: "The evidence is uncontradicted and unrefuted that he had the stolen t.v. set. Has there been any evidence to the contrary? No . . . There's been no evidence of that. The evidence was uncontradicted and unre-

futed . . . she said she's positive, and there's no evidence to the contrary . . ." Appellant maintains that these comments were improper and violative of OCGA § 24-9-20 (b) and his Fifth Amendment right against self-incrimination.

"The self-incrimination clause of the Fifth Amendment forbids comment by the prosecution on the defendant's silence. Comment by the prosecutor 'cuts down on the privilege [against self-incrimination] by making its assertion costly.' [Cit.]" *Gosha v. State*, 239 Ga. 37, 38 (235 SE2d 527). However, " '(I)t is not error for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. [Cit.]' " *Brown v. State*, 157 Ga. App. 473 (4) (278 SE2d 31). "[W]hat is prohibited is a comment that the defendant could have 'denied,' 'explained,' or otherwise 'disputed' the state's case against him. [Cits.]" *Graham v. State*, 156 Ga. App. 538 (2) (275 SE2d 114). Statements such as those made by the assistant district attorney in the case at bar do not constitute reversible error. *Redding v. State*, 151 Ga. App. 140 (1) (259 SE2d 146).

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED MARCH 15, 1984 —
REHEARING DENIED APRIL 10, 1984 — 

*Anthony R. DeStefano*, for appellant.
*F. Larry Salmon*, District Attorney, *T. Russell McClelland II*, Assistant District Attorney, for appellee.