67571. HUFSTETLER v. THE STATE.

POPE, Judge.

Max Hufstetler brings this appeal from his conviction of arson in the first degree. *Held*:

1. Appellant's first three enumerations of error are argued together. These enumerations cite as error certain rulings by the trial court denying appellant's motions relating to change of venue and sequestered individual voir dire of prospective jurors. Each of the cited rulings involved a matter lying within the sound discretion of the trial court. Our review of the record discloses no abuse of that discretion. See *Stevens v. State*, 247 Ga. 698 (4) (278 SE2d 398) (1981), and cits. (change of venue); *Stinson v. State*, 244 Ga. 219 (2) (259 SE2d 471) (1979), and cits. (sequestered voir dire). Therefore, appellant's first three enumerations of error are not meritorious.

2. Appellant's fourth enumeration assigns error on several grounds to the trial court's denial of his motion for a continuance. The thrust of this motion was defense counsel's contention that he did not have sufficient time before trial to review certain documents supplied to him by the State shortly before trial. The subject documents were some 60 letters written between appellant and one Ida

Joan Harris, appellant's girl friend turned State's witness who received immunity from prosecution in return for testifying against appellant. Such a motion, like those in Division 1, addresses itself to the sound discretion of the trial court. *Terry v. State*, 160 Ga. App. 433 (1) (287 SE2d 360) (1981). Our review of the record as it relates to the grounds asserted here by appellant discloses no abuse of that discretion. See *Mauldin v. State*, 167 Ga. App. 789 (2) (307 SE2d 689) (1983); *Mack v. State of Ga.*, 125 Ga. App. 639 (2) (188 SE2d 828) (1972). We also note that since appellant had been provided with copies of the subject letters in advance of trial, the trial court's failure to conduct an in camera inspection thereof was not error. See *Wiley v. State*, 250 Ga. 343 (5) (296 SE2d 714) (1982).

3. Appellant's next enumeration of error challenges the trial court's denial of a motion for mistrial based upon an answer given by a State's witness on cross-examination which was alleged to have been unresponsive and to have contained hearsay. A review of the record shows that the answer complained of was responsive to the question asked; however, in explaining the answer, the witness testified as to a statement made by Ms. Harris. By definition, this explanation was hearsay. See OCGA § 24-3-1. Nevertheless, the record also shows that Ms. Harris herself was called as a witness later in the trial and testified to the same effect as the previous hearsay statement attributed to her. Under this circumstance, any error in admitting the subject hearsay statement was harmless. See *Gunter v. State*, 243 Ga. 651 (5) (256 SE2d 341) (1979); *Garvin v. State*, 144 Ga. App. 396 (1) (240 SE2d 925) (1977). Compare *Parker v. State*, 162 Ga. App. 271 (5) (290 SE2d 518) (1982), wherein the admission of "cumulative" hearsay testimony was held to have the impermissible effect of bolstering the victim's testimony; the subject testimony in the case at bar did not have such an effect.

4. Appellant's sixth and seventh enumerations cite as error (a) the trial court's denial of a motion for mistrial based upon a purportedly unresponsive answer by Ms. Harris to a question propounded to her on cross-examination which, it is asserted, improperly placed appellant's character in issue, and (b) the trial court's subsequent refusal to direct the jury to disregard this testimony. In response to appellant's objection, the trial court noted: "It's obvious what had happened was she had not finished her answer to your initial question, and you interposed a question and she was in the process of continuing her answer in this court's opinion to the initial question you asked. . . . [Y]ou [counsel for appellant] have a tendency [to] put your questions just like a machine gun and all witnesses do not answer in a like fashion. . . . [T]he court agrees that it [the subject answer] is not responsive to the question that you interposed while she was in the process of answering your first question . . . and it's

obvious to this court that she was in the process of continuing to answer that [i.e., the previous] question, you having interposed . . . and she had not changed her train of thought as quickly as you had."

A trial court is invested with broad discretion in determining whether a witness has or has not answered a question propounded to him. See *Kines v. State*, 67 Ga. App. 314 (3) (20 SE2d 89) (1942). See also *Dunn v. State*, 152 Ga. App. 790 (1) (264 SE2d 249) (1979). We find no abuse of that discretion here in the trial court's finding that the subject answer was, indeed, responsive to a question elicited by defense counsel on cross-examination. Having so found, appellant will not be heard to object to this testimony, no matter how prejudicial it may have been. *Thomas v. State*, 213 Ga. 237 (2) (98 SE2d 548) (1957); *Potts v. State*, 86 Ga. App. 779 (3) (72 SE2d 553) (1952); see *Perryman v. State*, 244 Ga. 720 (2) (261 SE2d 588) (1979); *Jackson v. State*, 154 Ga. App. 411 (1) (268 SE2d 749) (1980). Accordingly, these enumerations of error are without merit.

5. During cross-examination of Ms. Harris, counsel for appellant asked, "Miss Harris, isn't it correct that you wrote Max [the appellant], you wrote and told him that you knew that he hadn't burned the Worth County Courthouse down?" This question was objected to by the State on the ground that the writing itself would be the highest and best evidence of the fact sought to be proved. Appellant's eighth enumeration cites as error the trial court's sustaining the objection.

The question propounded by appellant's counsel not only sought to establish whether Ms. Harris had in fact written such a letter to appellant but also sought to establish the contents thereof, i.e., what she had told him in such letter. "[W]here one attempts to testify concerning a letter's contents, if the letter is available the letter itself is the best evidence of what is in it, and oral testimony is therefore inadmissible." *Mulkey v. State*, 155 Ga. App. 304, 306 (270 SE2d 816) (1980). The record discloses no evidence that the subject letter was inaccessible. Therefore, the trial court properly sustained the State's objection. Cf. *Mulkey v. State*, supra. Compare *Burke v. State*, 153 Ga. App. 769 (4) (266 SE2d 549) (1980).

6. As charged in the indictment, appellant was accused of first degree arson for burning the Worth County Courthouse, "the property of the Board of Commissioners of Worth County. . . ." At trial, the court took judicial notice "that the Board of Commissioners of Worth County is the official governing authority of Worth County, and the Board of Commissioners of Worth County is the official titleholder of any and all property belonging to Worth County." Appellant's ninth enumeration of error challenges the propriety of this ruling.

Appellant argues that the trial court was without authority to

take judicial notice of the ownership of the courthouse, an element of proof of the State's case. However, appellant has cited no authority for this proposition, and a careful reading of OCGA § 24-1-4, dealing with matters judicially recognized, discloses no such proscription. See generally, e.g., State v. Gwyther, 4 Or. App. 473 (II) (479 P2d 248 (2)) (1971); City of Bexley v. Ivey, 73 Ohio L. Abs. 152 (136 NE2d 622 (2)) (1953), affd. 73 Ohio L. Abs. 154 (136 NE2d 624) (1955). Compare Noojin v. State, 29 Ala. App. 178 (6) (194 S 414 (6)) (1940). Appellant also contends that the evidence presented at trial as to "ownership" of the courthouse showed the property to be owned by the citizens of Worth County, not the board of commissioners, and thus, the trial court's judicial notice was inconsistent with the evidence. By statute, property owned by the county is titled in the name of the county, and control thereover is exercised by the county's board of commissioners. See OCGA Ch. 36-9. Notwithstanding any inconsistency between the trial court's ruling and the statute, "[l]awful occupancy by one in charge constitutes ownership as contemplated by the statute [setting forth the crime of first degree arson, OCGA § 16-7-60], and the question of legal title is not involved. [Cits.]" *Tukes v. State*, 125 Ga. App. 831 (189 SE2d 135) (1972). See also *State v. Hovers*, 148 Ga. App. 431 (251 SE2d 397) (1978). Therefore, the "ownership" of the courthouse by the board of commissioners was an unnecessarily minute description of an unnecessary fact alleged in the indictment and need not have been proved. See generally *Jackson v. State*, 159 Ga. 133 (1) (124 SE 874) (1924); *Corson v. State*, 144 Ga. App. 559 (2) (241 SE2d 454) (1978); *McHugh v. State*, 136 Ga. App. 57 (220 SE2d 69) (1975). It follows that the trial court's remarks cannot be held as violative of OCGA § 17-8-55. See generally *McFarland v. State*, 109 Ga. App. 688 (2) (137 SE2d 308) (1964).

7. Our review of the record discloses no violation by the State of the holding in Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). See generally *Hines v. State*, 249 Ga. 257 (1) (290 SE2d 911) (1982); *Watts v. State*, 141 Ga. App. 127 (2) (232 SE2d 590), cert. den. sub nom. Dorris v. Georgia, 434 U. S. 925 (1977). Therefore, the trial court did not err in denying appellant's motion for mistrial on this ground, and his tenth enumeration of error is without merit.

8. The statement objected to as hearsay in appellant's eleventh enumeration of error, contained in a letter from Ms. Harris to appellant subsequent to the subject arson, was inserted in that letter at the specific direction of appellant in an attempt to obscure his participation in the crime. Under this circumstance, we find no error in the trial court's admitting the letter. See *Riden v. State*, 151 Ga. App. 654 (1a) (261 SE2d 409) (1979); see also *Crenshaw v. State*, 43 Ga. App. 460 (2) (159 SE 305) (1931).

9. Notwithstanding the alleged inconsistency in the trial court's rulings regarding a "lie detector" test purportedly taken by Ms. Harris and alluded to in her testimony, appellant has shown no prejudice thereby which could have affected the result of the trial. Thus, his twelfth enumeration of error has no merit. See generally *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966).

10. Appellant's thirteenth enumeration of error is controlled adversely to him by *Ferrell v. State*, 149 Ga. App. 405 (9) (254 SE2d 404) (1979), cert. den., Ferrell v. Georgia, 444 U. S. 1021 (1980).

11. The record discloses considerable testimony concerning the 60 or so letters written between Ms. Harris and appellant. Upon motion by the State just prior to resting its case, the trial court permitted the jury, while seated in the jury box, to review those letters which had been admitted into evidence at their leisure and for as long as they wished; the letters were not taken to the jury room during deliberation. We find no harmful error in this procedure. See *Hightower v. State*, 166 Ga. App. 744 (5) (305 SE2d 372) (1983), revd. on other grounds, *State v. Hightower*, 252 Ga. 220 (312 SE2d 610) (1984). Also, the trial court instructed the jury prior to their review of the letters not to discuss the case among themselves during their review. The trial court did not err in omitting repetition of this instruction prior to a short recess taken during the course of this review. See *Pritchett v. State*, 92 Ga. 65 (1) (18 SE 536) (1893); *Walters v. State*, 128 Ga. App. 232 (6) (196 SE2d 326) (1973). Therefore, appellant's fourteenth and fifteenth enumerations of error have no merit.

12. In light of the foregoing divisions of this opinion, appellant's sixteenth enumeration of error presents no grounds for reversal.

13. Appellant's final enumerations cite as error the trial court's denial of his motions for mistrial based upon two separate remarks made by the State in closing argument which appellant argued were impermissible references to his right to remain silent. Our review of the record shows that the first remark, taken in context, related to the State's burden of proof as to intent and thus was not a comment upon appellant's failure to testify. See, e.g., *High v. Zant*, 250 Ga. 693, 701 (300 SE2d 654) (1983); *Eubanks v. State*, 240 Ga. 544 (3a) (242 SE2d 41) (1978); *Marshall v. State*, 239 Ga. 101 (3) (236 SE2d 58) (1977). As to the second remark, the record shows that the State, after stating that appellant was not required to prove anything, noted that appellant had the right to present evidence and subpoena witnesses and, in light thereof, posed the question: "[I]f Max Hufstetler was somewhere else other than where his live-in girlfriend Joan Harris told you he was, why aren't there witnesses to that?" This remark, rather than being a comment upon appellant's failure to testify, was merely a suggestion that the State's proof of appellant's guilt had not been rebutted. As such, no error appears. See *Redding v. State*, 151

Ga. App. 140 (1) (259 SE2d 146) (1979), and cits.; *Bryant v. State*, 146 Ga. App. 43 (1) (245 SE2d 333) (1978), and cits.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

Decided May 11, 1984 — Rehearing denied May 29, 1984 —

*W. Edward Meeks, Jr.,* for appellant.

*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.