## 72103. HUTCHINSON v. THE STATE.
### (347 SE2d 315)

BENHAM, Judge.

Appellant was convicted of burglary and sentenced as a recidivist. On appeal, he asserts error in the denial of his motion for directed verdict of acquittal, made at the close of the State's evidence, and in the denial of his motion for mistrial, made during the closing argument of the assistant district attorney.

1. The burglary victim testified she found her home partially ransacked and an open window with one broken pane. The window, designated as the burglar's point of entry into the home, was described as being five to eight feet above the ground. An investigating officer preserved the largest shard of broken glass, from which one fingerprint was lifted and identified as a print of appellant's left index finger. The victim testified she did not know appellant; had never invited him to her home; had never employed him to do work about her home; and had never given him permission to be in or around her house. None of the stolen goods was recovered.

Appellant insists that a directed verdict of acquittal was in order because the evidence showed only his mere presence at the scene of a crime, which is insufficient to warrant conviction. *Childs v. State*, 176 Ga. App. 549 (336 SE2d 309) (1985).

"To warrant a conviction based solely on fingerprint evidence the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they *could only have been impressed at the time when the crime was committed.* The cases require the State to prove to the *exclusion of every reasonable hypothesis,* that the fingerprints could only have been impressed at the time the crime was committed. [Cit.] . . . [I]t is not necessary that such [circumstantial] evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cit.]

"Our review of the transcript demonstrates that the State met its burden of proving, to the exclusion of every other *reasonable* hypothesis, that [appellant's fingerprint,] which [was] on the broken glass of the window through which entry was gained to the burgled residence, could only have been impressed at the time the crime was committed . . . . [T]here was no evidence presenting any other reasonable explanation as to how [appellant's fingerprint] came to be on the window. [Cits.]" *Brown v. State*, 175 Ga. App. 778 (334 SE2d 365) (1985). A

directed verdict of acquittal was not in order. Compare *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951).

2. Appellant contends that his motion for mistrial, made during the closing argument of the assistant district attorney, was erroneously denied. He maintains that the State's argument to the jury was improper in that it allegedly placed a burden upon appellant to place evidence in his defense before the jury, and was an impermissible comment upon appellant's failure to testify. OCGA § 24-9-20 (b).

The argument at issue is as follows: "You know every defendant is entitled to his day in court, every defendant is entitled to have his case presented before a jury and enter a plea of not guilty. The requirements say present the witnesses against him, he can cross-examine them, confront those witnesses either himself or through his attorney. He has a right to subpoena witnesses to compel them to come to court and testify on his behalf, should he have any such witnesses he wants brought to court he can use that subpoena power . . ."

The State may note in closing argument the defense's failure to present any evidence to rebut the proof adduced by the State. *Smith v. State*, 170 Ga. App. 673 (317 SE2d 626) (1984). It is reference to the failure of the defendant himself to testify which is prohibited. OCGA § 24-9-20 (b); *Graham v. State*, 156 Ga. App. 538 (2) (275 SE2d 114) (1980). The remarks appellant finds offensive noted that appellant had the right to present evidence and subpoena witnesses. Acknowledgment of those rights is not a comment upon appellant's failure to testify. See *Hufstetler v. State*, 171 Ga. App. 106 (13) (319 SE2d 869) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1986.

*Michael L. Murphy*, for appellant.
*William A. Foster III, District Attorney, Donald Wilson, Assistant District Attorney*, for appellee.