## 74619. RUSSELL v. THE STATE.
(362 SE2d 392)

BEASLEY, Judge.

Russell, convicted by a jury of armed robbery (OCGA § 16-8-41 (a)) and possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)), appeals.

1. The victim was robbed by three men of his car, jewelry, and other items on August 31, 1985. Defendant drove the car away. Four months later, on December 26, defendant was seen in the car and arrested while in possession of 28 packages of cocaine.

Defendant did not testify at his trial. During closing argument,

the prosecutor stated "He [the victim] told you from the stand that that was the man who robbed him and that he was positive. He [defendant] was caught in the car. What explanation have you heard? None, because there is none. . . ." Defendant objected to this argument as "improper" and requested a mistrial.

Denial of his motion for new trial on this ground is claimed as error, defendant citing OCGA § 17-7-28. That section, however, applies only to one's right not to testify in pretrial hearings. The argument will instead be considered under OCGA § 24-9-20, which applies to trials: ". . . The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure. . . ."

As pointed out by appellant, in order to reverse for an improper comment the reviewing court must find one of two things: " 'the prosecutor's manifest intention was to comment upon the accused's failure to testify' or that the remark was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' [Cits.]" *Ranger v. State*, 249 Ga. 315, 319 (3) (290 SE2d 63) (1982); *Lowe v. State*, 253 Ga. 308 (1) (319 SE2d 834) (1984).

It is not error for a prosecutor to note the defense's failure to present any evidence to rebut the proof adduced by the state. *Ayers v. State*, 181 Ga. App. 244, 253 (5 (g)) (351 SE2d 692) (1986); *Hutchinson v. State*, 179 Ga. App. 485 (347 SE2d 315) (1986); *Smith v. State*, 170 Ga. App. 673 (317 SE2d 626) (1984). In considering any objected to remark, its context should be considered. *Hall v. State*, 176 Ga. App. 428 (3) (336 SE2d 291) (1985).

Here, the prosecutor had reviewed the victim's testimony concerning the theft, his positive identification of the defendant, and the defendant's possession of the car. In asking what explanation of this incriminating evidence the jury had heard, the prosecutor embraced any possible source for an explanation of the identification and of defendant's possession of the car, such as impeachment of the victim, testimony by the defendant's passenger on the night of his arrest, or an alibi offered by others. Also, defendant stated upon arrest, as testified to by an officer, that he was leasing the car and later that he was in the process of buying it. The lender or seller was also a possible source of explanation. The prosecutor by his query did not target defendant. Commenting on the deficiencies in the *defense* does not always constitute a forbidden comment on the *defendant's* failure to testify, as a defendant's testimony is not a *sine qua non* of a defense. In light of the broader context covered by the rhetorical query and self-given response, we do not find that the manifest intention of the prosecutor was to comment on defendant's failure to testify. *Ranger v. State*, supra at 319. Nor was the comment such that the jury would

naturally and necessarily take it as a comment on defendant's failure to testify. *Lowe v. State*, supra at 310.

Considering the nature and context of this portion of the argument, the court did not abuse its discretion in denying the motion for mistrial and the motion for new trial, inasmuch as neither was mandated.

2. Prior to the victim's testimony, the court conducted a jury-absent hearing to make the determination required by *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972) and *Simmons v. United States*, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968), prompted by defendant's motion to suppress identification by the victim.

After receiving evidence and argument, the court found the photo spread proper and denied defendant's motion to exclude in-court identification. The victim then testified to the jury and identified defendant as one of his three robbers. Counsel for defendant requested that he then be allowed to interrupt the state's direct examination of the witness so he could "cross-examine him at this point in time without his . . . about his attending line-ups and things of that nature at this time." The court ruled that he could not, stating that "[w]e've gone into that out of the presence of the jury and determined this course of evidence is admissible for the jury to determine its weight and credit and you will have the opportunity to cross-examine him in regard to his testimony." Counsel then objected to any in-court identification, in reply to which the court stated "you stated that objection and we took that up out of the presence of the jury and it has been ruled admissible. The jury will simply receive it and establish their weight and credit whether it's believable or whatever and you will have the opportunity to cross-examine him on it. It's already been ruled on." Defendant moved for a mistrial on the ground that the court's statement that the evidence was admissible gave undue credibility to the state's case and bolstered the witness' credibility in violation of OCGA § 17-8-57. Failure to grant this motion is claimed as error.

While a court may not express an opinion as to what has or has not been proven, OCGA § 17-8-57, remarks made by the court regarding the admissibility of evidence or explaining the court's rulings are not such a comment or opinion. *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980); *Mathis v. State*, 171 Ga. App. 620 (320 SE2d 861) (1984); *Stone v. State*, 170 Ga. App. 234 (2) (316 SE2d 836) (1984). Here the court confined its response to the defendant's request to allow interruption of direct examination to a denial of the request with the explanation that the legal issue of admissibility of the victim's in-court identification had already been ruled on. Then the court affirmed for the jury that the weight and credit to be given

such testimony would be for *it* to determine.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED OCTOBER 5, 1987 —
REHEARING DENIED OCTOBER 27, 1987 —

*John T. Chason, Drew R. Dubrin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, John M. Turner, Jr., Assistant District Attorneys*, for appellee.