## A98A2059. CARRERO v. THE STATE.

(511 SE2d 235)

McMurray, Presiding Judge.

Defendant Carrero appeals his conviction of the offense of armed robbery. *Held*:

1. Two enumerations of error question the sufficiency of the evidence to authorize defendant's conviction. The evidence stated in the light most favorable to sustaining the verdict of the jury shows that three men arrived in an automobile at a gas station at approximately 3:00 a.m. The three men entered the station and one then immediately returned to the vehicle. The two men remaining in the gas station robbed the sales clerk by threatening him with a gun. The robber who held the gun on the sales clerk during the robbery had picked up a number of items in the gas station, including a bottle of ginger ale which he put down on the counter and left. Defendant's fingerprints were lifted from the ginger ale bottle.

Defendant acknowledged being at the scene but denied that he was a participant in the robbery. He testified that he awoke from a nap after he and his companions arrived at the gas station, entered the store, got a ginger ale from a cooler and approached the counter before he saw that his companions were conducting a robbery. Defendant testified that he put the ginger ale down and ran out of the store. He also explained that he got in the car and demanded that his companions take him home, and that due to the distance to his home and the late hour it was not practical for him to walk or seek other transportation. The sales clerk was unable to identify defendant.

The evidence is sufficient to exclude every reasonable hypothesis other than the guilt of defendant. The conflict in the evidence as to whether the ginger ale bottle was deposited on the counter by an armed and active participant of the robbery was a question for the jury. *Berry v. State*, 268 Ga. 437 (1), 438 (490 SE2d 389); *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489). If so, the fingerprints could have been impressed only at the time of the commission of the crime. *Hutchinson v. State*, 179 Ga. App. 485 (1) (347 SE2d 315). The evidence was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the offense of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant enumerates as error the trial court's failure to sustain an objection to the in-court identification of defendant by the victim sales clerk. However, the factual predicate for this enumeration does not exist since there was no in-court identification of defendant. When the prosecuting attorney attempted to ask the gas station sales clerk whether he could look around the courtroom and identify

one of the individuals who had been present at the gas station on the night of the robbery, defense counsel objected that no foundation had been laid for such an inquiry. After the objection was overruled, the sales clerk was permitted to answer the question, but responded that he could not make an identification. In view of the sales clerk's response, any error in permitting the question was harmless since it is highly probable that any error did not contribute to the judgment. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

3. After the docketing of this appeal, defendant was granted an extension of time in which to file enumeration of errors and brief no later than July 27, 1998. Defendant then filed an enumeration of errors within the time allowed but did not file a supporting brief. We then ordered defendant to file his brief. Contemporaneously with the filing of his brief, defendant filed a document which purports to amend his enumeration of errors by adding an additional claim of error. However, we did not grant any extension of time which would authorize the December 4, 1998 filing of the purported amendment of the enumeration of errors. The time for filing having expired, the enumeration of errors may not be amended. *Burke v. State*, 153 Ga. App. 769, 771 (7) (266 SE2d 549). Thus, we are unable to address any issues raised in the first instance by the purported amendment of defendant's enumeration of errors.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 27, 1999.

*Gerald P. Privin*, for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.